JAMES MULLIN v. VERMONT MUTUAL FIRE INS. CO.

*Insurance. If Application false, no Recovery.*

1. If the application for insurance is clearly false as to the occupancy of the building, and the ownership of the property, there can be no recovery, in case of loss.
2. The question of whether the inquiries and answers in an application for insurance are material is for the court and not the jury.

ACTION, special assumpsit upon an insurance policy ; plea, general issue. Trial by jury, and verdict for the plaintiff, September Term, 1880, Rutland County, Ross, J., presiding. The application contained the following clause :

The said applicant hereby covenants and agrees to and with said company that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation and value of the property to be insured, so far as the same are material to the risk, and in case any matter material to the risk is not fully stated, or in any material thing is misrepresented, the policy issued hereon shall be void.

Several exceptions were taken to the ruling of the court and a motion for a verdict was made by defendant; but these are immaterial in view of the opinion. The other facts are sufficiently stated by the court.

*James C. Barrett*, for the defendant.

The defendant's requests for a verdict ought to have been granted ; *first*, under the covenant in the application ; *secondly*, under the terms of the policy. Under the covenant in the application, the concurrence of two things renders the policy void, namely, the *untruth*, and the *materiality*, of any representation made in the application. It is not necessary, in order to render the policy void, that the untruth be *fraudulent*. Wood on Fire Ins., p. 380, s. 196 ; *Carpenter* v. *Am. Ins. Co.*, 1 Story, (U. S.) 57 ; *Burritt* v. *Saratoga Mut. Fire Ins. Co.*, 5 Hill, 192 ; 60 Barb. 84. That concurrence exists in this case with reference to

two points, namely, the *occupancy* of the Carrigan store, and the *ownership* of the stock of goods therein. The plaintiff represented in his application that said store was occupied by Mullin Brothers, and that Mullin Brothers owned said stock of goods. The plaintiff conceded on the trial that said store was occupied and said goods were owned by M. Carrigan. Wood on Ins., p. 423, s. 216; *Jeffries* v. *Life Ins. Co.*, 22 Wall. 47; *Strong* v. *Manfs' Ins. Co.*, 10 Pick. 44; *Wilson* v. *Conway Fire Ins. Co.*, 4 R. I. 141; *Cox* v. *Ætna Ins. Co.*, 29 Ind. 586; *Protection Ins. Co.* v. *Harmer*, 2 Ohio St. 452; *Davenport* v. *N. E. Fire Ins Co.*, 6 Cush. 340; *Clark* v. *Same*, Ib. 347–8; *Hayward* v. *Ins. Co.*, 10 Cush. 444; *Wilbur* v. *Ins. Co.*, Ib. 446; *Bowditch Mut. Fire Ins. Co.* v. *Winslow*, 3 Gray, 431; *Same* v. *Same*, 8 Gray, 44–5; *Towne* v. *Fitchburg Mut. Fire Ins. Co.*, 7 Allen, 53; *Campbell* v. *N. E. Mut. Fire Ins. Co.*, 98 Mass. 381, 403–7; *Chaffee* v. *Cattaraugus Mut. Ins. Co.*, 18 N. Y. 382–3; 2 Allen, 574; Phillips on Ins. 1 p. 281, s. 542; Wood on Ins. p. 271, 292, s. 137; 2 Denio, 75; 18 N. Y. 378; 8 Gray, 38; 98 Mass. 389.

*Redington & Butler*, for the plaintiff.

The statements contained in the application for insurance are representations and not warranties.

The fact that Carrigan owned the goods in the store below does not affect the right of plaintiff unless the fact was material to the risk. If the statements in the application are warranties they can only be construed as warranties so far as the failure to state truly is material to the risk. Whether certain facts are material to the risk are questions for the jury, and were properly submitted to them. *Allen, Safford & Co.* v. *Vt. M. Ins. Co.*, 12 Vt. 366; *Lindsley, Jordan & Co.* v. *Union M. Ins. Co.*, 4 Ben. c. 25, (3 R. I. 157); *Elliot* v. *Hambleton Ins. Co.*, 13 Gray, 139, (Ben. c. 389); *Tisbee* v. *Taggett Ins. Co.*, 3 Ben. c. 65 (27 Penn. 235); 16 Wend. 481; 35 Vt. 326; 57 N. Y. 274.

The fact that the insurance company asked the question is not conclusive as to the materiality, and the reply to the interrogatory is simply a representation and not a warranty, and is made so by the terms of the application. *Jefferson Ins. Co.* v. *Cotheal*, 7

Wend. 72; *Rawl* v. *Am. Ins. Co.*, 27 N. Y. 282; 36 Barb. 357; *Dewee* v. *Man Ins. Co.*, 34 N. J. 244. Statements in the application are not warranties, but merely representations. *Cushman* v. *U. S. Life Co.*, 4 Hun. (N. Y.) 783; *Loud* v. *Citizens Ins. Co.*, 2 Gray, 221; *Campbell* v. *New England Ins. Co.*, 98 Mass. 381; San. Dig. p. 134, ss. 12, 13.

The opinion of the court was delivered by

Powers, J. It appears from the exceptions that the plaintiff's application for a policy was unsatisfactory when first presented to the defendant, and that thereupon it was returned with a call upon the plaintiff to answer certain special questions in writing embodied in the application when so returned. The plaintiff answered that "the store was occupied by Mullin Bros. for merchandize, drugs and groceries, Mullin Bros., owners."

On trial the plaintiff conceded that "the lower story of said building was occupied as a grocery and drug store; that the goods were owned, and store rented by M. Carrigan, but that the plaintiff and his brother conducted the business carried on there in the name of Carrigan as clerks; and that the stock of goods, furniture and fixtures therein were owned by said Carrigan, and not by said Mullin Bros." It is thus seen that the application contained two clear falsehoods: first, respecting the occupancy of the building; and second, respecting the ownership of the goods.

We are not required in this case to examine the cause, fruitful of confusion at least, respecting the materiality of representations made in applications for insurance; nor, whether the representations made amount to warranties. The case shows that the defective application was returned to the plaintiff, and he was asked specially who occupied the store, and owned the goods, and the false answers were given to these special questions: It is now well settled that the mere fact of making such inquiries and giving answers thereto, make the same material; the parties by their own acts have made them so. "The inquiry and answer are tantamount to an agreement that the matter inquired about is material, and its materiality is not therefore open to be tried by the jury."

15

May on Insurance, 2d ed. s. 185. And this question of materiality under such circumstances is for the court. May, *idem.*

Accordingly, upon this state of facts the court erred in not ordering a verdict for the defendant on its motion therefor. As the ruling upon this question concludes the plaintiff upon the case he made, it is unnecessary to consider the other questions discussed in argument.

The judgment is reversed and case remanded.