SAMUEL M. BOWMAN *vs.* THE FRANKLIN FIRE IN-
SURANCE COMPANY OF THE CITY OF BALTIMORE.

*Construction of Agreement touching the Admission of Abstracts
of judgment in Evidence—Fire Insurance—Construction of the
Clause requiring Incumbrances on the property insured to be
made known to the Insurer, as applicable to Judgments—
Entirety of Contract of Insurance upon buildings and machinery.*

Under a commission to take testimony to be used in a case pending in Mary-
land, the abstract of certain judgments, rendered in Virginia were filed,
with an agreement, that they might be offered in evidence as records of the
Courts therein styled, with the same effect as if the said judgments, and
records had been duly authenticated as such according to the Act of
Congress, and the laws of Maryland; the plaintiff reserving the right to
object to such records, as evidence upon all other grounds except the want
of due authentication as records; and with the same reservation, the facts
set forth in the certificates accompanying said abstracts were admitted to
be true.  Extracts from the Code of Virginia were also filed, and admitted
to be in force in the month of November, 1867, by which the duties of
clerks of Courts in docketing, indexing and furnishing abstracts of judg-
ments were prescribed, and by which it was further prescribed, that all
judgments for money theretofore or thereafter to be rendered against any
person, should be a lien on all his real estate held at or after the date of the
judgment, or if rendered in Court, at or after the commencement of the term
at which it was rendered; and also that no judgment should be a lien on
real estate as against a purchaser for a valuable consideration, without
notice unless it be docketed as prescribed in said extracts.  One of the
judgments referred to in said agreement, was recovered in the County
Court of Pittsylvania prior to the month of November, 1867, in which
month one of the defendants in the judgment made a conveyance of a
parcel of land situate in said county.  The grantee under this conveyance
took out a policy of insurance upon the buildings on the land, and also
upon certain machinery therein.  The policy contained the following proviso:
"Any incumbrance on the property hereby insured, whether existing at the

time of issuing this policy or imposed subsequently thereto, must be assented to by the company, otherwise the policy shall be void." The existence of the judgments was not made known to the company. In an action on the policy, the property having been destroyed by fire, it was, HELD :

1st. That under the agreement the short abstracts of the judgments were to be received, and have allowed to them the same force and effect as if formal and duly authenticated records of said judgments had been produced.

2nd. That by virtue of the agreement in connection with the sections of the Code of Virginia, which were produced and admitted to be in force in that State, the abstract of the judgment in the County Court of Pittsylvania, was not only conclusive evidence of its existence, but of the lien created thereby.

3rd. That the judgment lien constituted an incumbrance within the meaning of the policy; and as the plaintiff failed to make known its existence at the time of effecting the insurance, the policy was void.

4th. That the contract of insurance was an entire one, and was void not only in regard to the insurance on the building, but also as to that effected on the machinery.

As to what would be the effect on the policy, of a judgment rendered against the insured *in invitum, Quære?*

APPEAL from the Superior Court of Baltimore City.

This suit was brought by the appellant against the appellee upon a policy of insurance effected upon buildings which had been used as a distillery, and upon the boilers, engines and other machinery fixed and moveable, &c., contained in the buildings. The property was located in the county of Pittsylvania in the State of Virginia. The 19th clause of the policy provides that, "any incumbrance on the property hereby insured, whether existing at the time of issuing this policy or imposed subsequent thereto, must be assented to by this company, otherwise the policy shall be void " A commission to take testimony was issued to the State of Virginia, under which the abstracts of certain judgments rendered in that State, were filed with an agreement that they might be offered in evidence as records of the Court therein styled, with the same effect as if the said judgments and records had

been duly authenticated as such according to the Act of Congress and the laws of Maryland; the plaintiff reserving the right to object to such records, as evidence upon all other grounds except the want of due authentication as records, and with the same reservation, the facts set forth in the certificates accompanying said abstracts were admitted to be true. One of the judgments according to the abstracts furnished, appeared to have been rendered on the 24th of August, 1867, in the county Court of Pittsylvania, in favor of Wm. R. McCoy, for the benefit of Elisha Barksdale, Jr., against W. M. Keen and J. M. Walker for $5250 with interest and costs; and to have been entered on the lien docket November 9th, 1867. On the 13th of November, 1867, J. M. Walker conveyed to the plaintiff certain land situated in Pittsylvania county, upon which is located the property insured under the policy now in suit. The following extracts from the Code of Virginia, were also filed with an agreement that they were in full force as part of the laws of Virginia in the month of November, 1867, when the deed from Walker to Bowman was executed and recorded, viz:

Ch. 186, sec. 3. "In the following section the word 'judgment' shall include any bond or recognizance which has the force of a judgment.

"Sect. 4. The clerk of each county and corporation Court shall keep in his office, in a well bound book, a judgment docket, in which he shall docket without delay, any judgment in this State, when he shall be required to do so by any person interested, on such persons delivering him, if the judgment be not in his Court or office, an authenticated abstract of it. In such docket there shall be stated in separate columns the date and amount of judgment, the date of docketing it, the alternate value of any specific property recovered by it, and the amount and date of any credits on the judgment, with the names, description and residence of the parties so far as they appear in his office,

or in such abstract. Every judgment shall so soon as it is docketed be indexed in the name of each defendant therein. If a clerk fail to do anything required of him by this section, he shall pay a fine of not less than thirty, nor more than three hundred dollars, to any person who will prosecute therefor.

"Sec. 6. Every judgment for money rendered in this State heretofore or hereafter against any person, shall be a lien on all the real estate of, or to which such person shall be possessed or entitled, at or after the date of such judgment, or if it was rendered in Court, at or after the commencement of the term at which it was so rendered, except as follows:

"Sec. 8. No judgment shall be a lien on real estate as against a purchaser thereof for valuable consideration without notice, unless it be docketed according to the third and fourth sections of this chapter, in the county or corporation wherein such real estate is, either within a year next after the date of such judgment, or ninety days before the conveyance of said estate to such purchaser."

It was admitted that the existence of the judgment liens offered in evidence, was not made known to the defendant.

*Exception.*—The plaintiff offered the following prayers:

1st. That if the jury find from the evidence, that the plaintiff, in the month of November, 1867, purchased of James M. Walker, the property mentioned in the deed of Walker, which has been offered in evidence, and that the said deed was executed and delivered by Walker and wife to the plaintiff, and the consideration for said purchase was paid or secured by the plaintiff, and that the said deed was recorded, as shown by the certificates thereon, and that the plaintiff took possession of said property, and was in possession, *bona fide* claiming title thereunder as absolute owner, and that he effected the insurance by the policy of the defendant offered in evidence, of the building and machinery, on the part of said property stated in the

policy; and shall further find, that after the execution and delivery of said policy, the said building and machinery, or any part thereof, were consumed or damaged by fire in the month of May, 1868, and the notice of said loss was communicated by the plaintiff to the ˋdefendant, with due and reasonable diligence on his part, after the said fire, under all the circumstances of the case, and that the proofs of loss offered in evidence were furnished the defendant by the witness, Clark, and that the same were furnished with reasonable diligence after said fire, and that the defendant refused payment, upon the ground that it was not liable, then their verdict must be for the plaintiff for such loss, as they may find from the evidence the plaintiff sustained by reason of damage to said property by said fire, to the extent of the insurance stated in the policy, with interest, in the discretion of the jury from the time of such refusal to pay.

2nd. That the judgments and other evidence of incumbrances proved in the case do not prevent the plaintiff's recovery as to the machinery and fixtures, &c., insured in the policy, under the style of $1,500 on all boilers, machinery, &c.

3rd. That under the agreement of counsel offered in evidence, as to the laws of Virginia, and the judgments offered in evidence, the existence of said judgments did not constitute a lien or incumbrance upon the part of the property insured in the policy as machinery and fixtures, except as to such part of the same, as the jury may find to be affixed to the building, so as not to be removed therefrom, without injury to the freehold; and that said judgments do not prevent the plaintiff's recovery for such loss by fire, as they may find to be sustained, as to the machinery and fixtures so found by them attached to the freehold.

4th. That the existence and record of judgments against Walker, the plaintiff's vendor, which have been proved

by the evidence, do not constitute evidence of incumbrances on the insured premises, under the meaning of the policy.

And the defendant prayed the Court to instruct the jury as follows:

That under the agreement of counsel returned with the Danville commission in this case, with reference to the effect to be given to the certificates of the judgments mentioned in said agreement, the certificate of the judgment of Wm. R. McCoy for the benefit of Elisha Barksdale, Jr. *vs.* W. W. Keen and J. M. Walker, dated August 24th, 1867, for $5250, with interest from 1st January, 1864, is conclusive evidence of the existence of the judgment therein referred to in the County Court of Pittsylvania county, and the jury cannot find that there was not such a judgment in said County Court of Pittsylvania county, and there being no evidence that the existence of said judgment was made known to the Insurance Company at the time of the insurance, or assented to by said company, the plaintiff is not entitled to recover, provided the jury believe the evidence as to the law of the State of Virginia with reference to the lien of judgments.

The Court, (DOBBIN, J.,) granted the plaintiff's first prayer with the following modification:

Unless the jury shall find the facts stated in the defendant's prayer, in which event they will find for the defendant; and rejected all the other prayers of the plaintiff, and granted the prayer of the defendant. The plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*George C. Maund* and *A. Stirling, Jr.,* for the appellant.

Judgments are not incumbrances within the meaning of the 19th clause of the policy; the word *improve,* and the

word *assent,* alike import such an incumbrance as results from the voluntary agency of the party insured—these words refer only to the sort of incumbrances which the insured may create or not, at his election, and to such only as he may, at his election, abstain from creating, if he should fail to obtain the company's assent. This clause seems necessarily to be intended as a warning to the insured,.that if he place incumbrances upon the insured property without first obtaining the assent of the company, he will avoid his policy, and (unless it be mockery) gives to him the right of choosing whether he will avoid his policy or not.

But·a judgment is not an incumbrance of this character. So far ·from being *imposed by* the insured, it may be, and generally is, imposed upon him in spite of his strenuous resistance.

The seventh condition of the policy, provides that "when the interest of the assured in the property insured is impaired or conveyed away by sale, gift, or otherwise, this insurance to the extent of such impairment of interest, is thereby *abated;*" this suggests the question, how is this clause reconcilable with the first and eighteenth clauses—keeping in view the acknowledged rule of interpretation ·that doubtful clauses should be construed most favorably ·for the insured? It would seem, indeed, in view of this seventh clause that not only is a judgment no such incumbrance as will avoid this policy, but that it is, at least, doubtful whether such avoidance of the policy would result from even a sale or conveyance, which merely impaired, without absolutely destroying the interest of the assured in the insured property.

The Courts have invariably held that covenants in leases and other instruments providing a forfeiture in case of sale, without the assent of the landlord or other party, are not to be construed as applying to cases where the sale, &c., has taken place by operation of law, and without the vol-

untary agency of the party bound by the covenant, and sales under process upon judgments are always held to be "*in invitum.*" *Smith vs. Putnam*, 3 *Pick.*, 221 ; *Starkweather vs. Insurance Co.*, 2 *Abbott U. S. R.*, 67 ; *Strong vs. Manuf. Ins. Co.*, 10 *Pick.*, 40.

Even if said judgment be an incumbrance within the meaning of the 19th clause, is not the policy still in force as to the $1500.00 insurance upon the personalty ? *Clark vs. New England Mutual Fire Ins. Co.*, 6 *Cushing*, 342 ; *Davis vs. Boardman*, 12 *Mass.*, 80 ; *French vs. Chenango Ins. Co.*, 7 *Hill*, 122 ; *Diedericks vs. Commercial Ins. Co.*, 10 *Johns.*, 234 ; *Flanders on Insurance*, 425 ; *Fire Association vs. Williamson*, 2 *Casey*, 196 ; *Associated Fire Ins. Co. vs. Assum* 5 *Md.*, 165, is not in contradiction of the position of the appellant, because the decision of the majority of the Court is expressly based entirely on the construction of the particular covenant in that case.

*Charles Marshall* and *John Carson*, for the appellee.

Were the judgments against James M. Walker, incumbrances against the property insured, on the 21st day of February, 1868, under the 19th condition of the policy ? We affirm, as the Court below decided, that they were.

These judgments, under the law of Virginia, are liens on the real estate—and were, therefore, incumbrances on the property at the date of the policy, and avoided it.

What is an incumbrance? An incumbrance is an embarrassment of an estate or property, so that it cannot be disposed of without being subject to it. *Bouv. Law Dict.* *Incumber*—to load with debt, as an estate is incumbered with a mortgage, or with a widow's dower. *Webster's Dict.* *Incumbrancer*, is one who has an incumbrance or legal claim on an estate. *Webster's Dict.*

*Washburn Real Prop. Vol.* 3, *p.* 391–396, defines an incumbrance to be "every right to, or interest in, the land, to the diminution of the value of the land, but consistent

with the passage of the fee by the conveyance," as a mortgage right of dower, a covenant running with the land, creating a charge, and an existing lien for taxes.

It may be argued that the word incumbrance ought not to receive the same construction in a policy of insurance, as it does under a covenant in a deed. Grant it! but the narrowest, and least rigid rule of interpretation the Court can adopt, is to say, that that is an incumbrance, which by law is a charge on the property, and of which the world has constructive notice.

Mortgages have always been held to be incumbrances. *Smith vs. Columbia Ins. Co.,* 17 *Penna.,* 253; *Davenport vs. N. E. Mut. F. Ins. Co.,* 6 *Cush.,* 340; *Brown vs. Peoples' Mut. Ins. Co.,* 11 *Cush,* 280; *Packard vs. Agawam M. F. I. Co.,* 2 *Gray,* 334; *Gould vs. York County M. F. I. Co.,* 47 *Maine,* 403; *Richardson vs. Maine Ins. Co.,* 46 *Maine,* 394; *May on Ins.,* sec. 291; *Bowditch Mut. Fire Ins. Co. vs. Winslow, et al.,* 8 *Gray,* 38.

What is the difference in principle between the lien of a mortgage and of a judgment? and what difference in effect is there between the two?

Numerous cases hold that judgments are incumbrances under this 19th clause of the policy. *Brown vs. Com. Mut. Ins. Co.,* 41 *Penna.,* 187; *Somerset Ins. Co. vs. McAnally,* 46 *Penn.,* 41; *Penna. Ins. Co. vs. Gottman's Adm'rs.,* 48 *Penn.,* 151, *and* 56 *Penna.,* 210.

But why should the rule of construction of incumbrances be narrowed to charges or liens *on record*. The object of the inquiry as to incumbrances, (*May on Ins.,* sec. 290,) is to ascertain the insured's interest in the property, as affecting the opinion of the insurer as to the risk, and the insured's motive to preserve the property. And if it be a mutual company, to know the incumbrances, so as to determine the value of their lien for payments and assessments. Hence, the Courts have not tied themselves to recorded charges or incumbrances. A fraudulent mort-

gage is an incumbrance! *Masters vs. Mad. Co. Mut. Ins. Co.,* 11 *Barb.,* 624; *Treadway vs. Hamilton Mut. Ins. Co.,* 29 *Conn.,* 68.

An unrecorded, but delivered mortgage is an incumbrance. *Hutchins vs. Cleveland Mut. Ins. Co.,* 11 *Ohio St. Rep.,* 477. A lien for taxes is an incumbrance. *Wilbur vs. Bowditch, Mut. Fire Ins. Co.,* 10 *Cush.,* 447. An assessment on a deposit note to pay a loss, is an incumbrance. *Tuttle vs. Robinson,* 33 *N. Hamp.,* 104. A lien for balance due of purchase money, where the purchaser is in possession under an agreement for purchase, having paid part of the purchase money. *Reynolds vs. State Mut. Ins. Co.,* 2 *Grant's Cases,* 326.

There is no pretence in this cause that the judgments were made known to, and were assented to by the appellee.

The 19th condition as to incumbrances is a warranty, and must be strictly performed, and its materiality is a question of law, and must be assumed. *Fire Ins. Digest,* secs. 10, 19, 23, 35, 36 and 40.

The plaintiff's prayer, that because part of the insurance was on the building, and part on the machinery, therefore they could recover for the loss on machinery, even if the judgments were incumbrances under the policy, was properly rejected; the consideration is one sum, and the contract indivisible. *Associated Fire Ins. Co. vs. Assum,* 5 *Md.,* 165; *Gottman's Adm'rs. vs. Pa. Ins. Co.,* 56 *Penn.,* 210; *Brown vs. Com. Mut. Ins. Co.,* 41 *Penna.,* 187; *Penna. Ins. Co. vs. Gottman's Adm'r,* 48 *Penna.,* 151; *Somerset Ins. Co. vs. McAnally,* 46 *Penna.,* 41; *Richardson vs. Maine Ins. Co.,* 46 *Maine,* 394; *Barnes vs. U. M. F. Ins. Co.,* 51 *Maine,* 110; *Kimball vs. Howard Fire Ins. Co.,* 8 *Gray,* 33; *May on Ins.,* sec. 290.

ALVEY, J., delivered the opinion of the Court.

1. In regard to the first question presented on this appeal, we can have no doubt. There would have been no

reason for the agreement, dispensing with due and formal authentication of the records of the several judgments given in evidence, if the objection now urged could be maintained. It was expressly agreed, that the abstracts of judgments then made and filed with the commissioner, might be offered in evidence, as records of the Court therein styled, *with the same effect as if the judgments and records had been duly authenticated as such,* according to the Act of Congress, and the laws of Maryland; the plaintiff reserving the right to object to such records as evidence, on other grounds than the want of due authentication; and with the same reservation of right to object, the facts stated in the certificates accompanying the abstracts were admitted to be true. Under this agreement, the short abstracts of the judgments were to be received and have allowed to them the same force and effect as if formal and duly authenticated records of those judgments had been produced; and by virtue of the agreement, in connection with the sections of the Code of Virginia, which were produced and admitted to be in force in that State, where the property was situate and the judgments were rendered, the abstract of the judgment of *McCoy, use of Barksdale, vs. Keen and Walker,* referred to in the Court's instruction, was not only conclusive evidence of the existence of the judgment, but of the lien created thereby.

2. The 19th clause of the conditions of the policy sued on provides, that "Any incumbrance on the property hereby insured, whether existing at the time of issuing this policy, or imposed subsequently thereto, must be assented to by the company, otherwise the policy shall be void;" and the second question presented is, whether a judgment lien is an incumbrance within the meaning of this provision of the policy?

It is conceded that judgment liens on the property insured existed at the date of the policy, and that the fact of their existence was not disclosed to the insurance

company, and consequently were never assented to by it. Does the failure to disclose the existence of the liens render the policy void? If a judgment lien constitutes an incumbrance, within the meaning of the policy, there can be but one answer to the question, and that in the affirmative.

According to the well understood meaning of the word incumbrance, it has always been supposed to embrace judgment liens. Indeed no incumbrance is more common than that created by the liens of judgments. It has been repeatedly held, if judicial decisions could be required on such a question, that the term incumbrance does embrace judgment liens. *Jenkins vs. Hopkins,* 8 *Pick.,* 346; *Smith vs. McCampbell,* 1 *Blackf.,* 100; *Hall vs. Dean,* 13 *John.,* 105; and we have not been able to find anything in any of the numerous conditions and stipulations of the policy, which, by any fair construction, will justify the restricted meaning attempted to be assigned to the term by the plaintiff in this case.

The condition in the policy is a substantial and important one for the protection of the company, and there is no good reason to suppose that judgment liens were not as much within the object of the provision as any other incumbrance. The great purpose of all such provisions in policies of insurance is to enable the insurer to determine the extent of the risk, and the nature and extent of the interest of the insured in the premises. If the property to be insured is incumbered by judgments, mortgages, or liens for unpaid purchase money, it is always of importance for the insurance company to be informed of the fact, as upon the existence or non-existence of real interest and motive on the part of the insured to protect and preserve the property, the premium for insurance may justly be regulated. This is a substantial element in the contract of insurance; and there is no good reason for the restricted construction of the clause contended for by the counsel of the plaintiff. Clauses of a similar im-

port to the one under consideration, have been construed by the Supreme Court of Pennsylvania, and that Court has held, without the slightest hesitation, that judgment liens are incumbrances within the meaning of the condition. *Brown vs. Com. Mut. Ins. Co.*, 41 *Penn.*, 187 ; *Penn. Ins. Co. vs. Gottman*, 48 *Penn.*, 151; *Gottman vs. Penn. Ins. Co.*, 56 *Penn.*, 210.

As to what would be the effect on the policy of a judgment rendered against the insured *in invitum*, it is not now necessary to determine; but as to judgments in existence at the date of the policy, and such as are thereafter rendered against the insured, by his consent or confession, and which constitute liens on the property insured, we think they are clearly within the meaning of the condition. And as the plaintiff wholly failed to make known the existence of the judgment liens, on the property at the time he applied for and obtained the policy sued on, it follows from what we have said, that the policy is void, according to the express stipulation of the parties.

3. The third and last question presented is, whether, as part of the insurance was on the building, and part on the machinery therein, it was competent to the plaintiff to recover on the policy such amount as was apportioned to the machinery, notwithstanding the policy is void as to the building?

In regard to this question, the difficulty in the plaintiff's way is, that the contract is entire. The consideration for it was entire; and in such case the contract is held to be entire, although its subjects may consist of several distinct and wholly independent items. Moreover, the stipulation in regard to the forfeiture, applies to the policy as an entirety. This question is settled in this State, as it is in many of the other States, adversely to the right claimed by the plaintiff here. *Assum vs. Asso. Fire Ins. Co.*, 5 *Md.*, 165 ; *Gottman vs. Penn. Ins. Co.*, 56 *Penn.*, 210; *Friesmuth vs. Agawam Ins. Co.*, 10

*Cush.*, 570; *Brown vs. People's Mut. Ins. Co.*, 11 *Cush.*, 280; *Lee vs. The Howard Ins. Co.*, 3 *Gray*, 583; 2 *Parsons on Contracts*, 31.

Finding no error in the rulings of the Court below, its judgment will be affirmed.

*Judgment affirmed.*

(Decided 25th June, 1874.)