THE* CLAY FIRE AND MARINE STOCK INSURANCE COMPANY *vs.* GEORGE BECK and HENRY BOLTÉ, trading as BECK & BOLTE.

*Construction of a condition in a Fire Insurance Policy—Failure to disclose Incumbrances on property Insured.*

A policy of insurance against fire, contained the condition that, "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void." HELD:

That under this condition, the failure to represent and have so expressed in the written part of the policy, the fact that incumbrances by way of mortgage existed upon the insured building at the time of the insurance, did not avoid the policy.

APPEAL from the Superior Court of Baltimore City.

This action was brought by the appellees on a policy of insurance executed by the appellant, for the sum of $2500, being $1500 on the furniture factory, leasehold property, which belonged to the appellee, George Beck, and $1000 on the stock of lumber contained in the appellees' lumber yard, adjoining the factory. The policy was dated the 1st of September, 1873, and was to continue in force for the period of one year. The policy sued on contained the condition that, "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void." At the time the insurance was

effected there were two mortgages, each for $2500 with interest, executed by the appellee, George Beck, on the leasehold property insured. The existence of these mortgages was not disclosed to the company. A fire occurred on the 9th of May, 1874, which destroyed the main building under the defendant's policy, and also the lumber therein mentioned.

At the trial, the plaintiffs offered two prayers which the Court (DOBBIN, J.,) granted. The defendant offered six prayers, the second of which was granted, the others were refused. One of the prayers refused asked the Court to instruct the jury that if they found the mortgages offered in evidence, the plaintiffs could not recover.

The defendant excepted. The jury rendered a verdict for the plaintiffs for $2625.00, and judgment was entered accordingly. The defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*John Carson,* for the appellant.

*Frank P. Clark* and *Fred. W. Bruue,* for the appellees.

MILLER, J., delivered the opinion of the Court.

The policy sued on in this case contains a condition that "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the insured, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void," and the sole question presented by this appeal is, did the failure to represent, and have so expressed, the fact that incumbrances by way of mortgage existed upon the insured building, at the time of the insurance, avoid the policy under this condition?

In our opinion this question is settled by the reasoning and decision of this Court in *Kelly's Case*, 32 *Md.*, 421. The facts and circumstances of the present case are substantially the same as in that, and the terms of the provision there construed as not embracing incumbrances, are equally strong as those of the clause now before us. If the company deemed disclosure of incumbrances essential to the validity of the contract, they should have said so in plain terms, (as did the policy in *Bowman's Case*, 40 *Md.*, 630,) and not have used language to which doubt could attach.

*Judgment affirmed.*