(Decided 27th March, 1889.)

---

WESTCHESTER FIRE INSURANCE COMPANY OF NEW YORK *vs.* JACOB B. WEAVER, use of GEORGE D. INSLEY.

*Policy of Fire insurance—Construction of.*

A policy of fire insurance contained a covenant that the policy should become void, unless consent in writing should be indorsed on the policy by the company in the following instance: "If the assured is not the sole and unconditional owner of the property, * * * * or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise is not truly stated in this policy." And in the warranty of the assured he stated that he had not "omitted to state to this company any information material to the risk." In an action upon the policy, it was HELD:

1st. That the failure to disclose the existence of a mortgage upon the property, rendered the insurance void as to such mortgaged property.

2nd. That there could be no recovery for the loss of a piano held by the plaintiff under a conditional sale; and a clause in the instrument of sale which required the plaintiff to pay the full value of

Westchester Fire Ins. Co. *vs.* Weaver.

the piano in case of its destruction by fire, did not affect the question.

APPEAL from the Superior Court of Baltimore City.

This action was brought by the appellee against the appellant, upon a policy of fire insurance, to recover for a loss by fire. The items for which a recovery was claimed being as follows:

Item 1. $300, on stock of liquors and cigars.
" 2. 300, on looking glasses and bar fixtures.
" 3. 250, on piano.
" 4. 200, on dining room and kitchen furniture.
" 5. 300, on household furniture, bed and bedding.
" 6. 150, on wearing apparel.
_____
$1500

At the trial the Court (BROWN, C. J.,) made certain rulings to which exception was taken by the defendant, and the verdict and judgment being against it, this appeal was taken. The only grounds of exception passed upon by this Court were the rejection by the Court below of the two following prayers offered by the defendant:

1. That if the jury find from the evidence that at the time of the issuance of the policy of insurance sued on in this case, the plaintiff had executed to George D. Insley the bill of sale offered in evidence by the plaintiff, and that said bill of sale covered the first, second and fourth items of property mentioned in said policy, then the plaintiff is not entitled to recover in this case for any loss or damage by fire to said first, second and fourth items of property as aforesaid.

3. That if the jury find from the evidence that the piano mentioned in the policy of insurance in this case was delivered to the plaintiff by Willig & Co. under

the written contract between said parties, bearing date 19th day of February, 1887, and offered in evidence by the plaintiff, and that the plaintiff had not paid more than the sum of $25.00 on account of said contract, that then the plaintiff was only a lessee or bailee of said piano, and having failed to so describe his interest therein in said policy of insurance as required by the terms and conditions contained in said policy, the defendant is not liable under said policy for any loss or damage to said piano by the fire mentioned in the evidence in this case, and the plaintiff cannot recover for the same.

The cause was argued before MILLER, STONE, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Benjamin Kurtz*, for the appellant.

*John H. Handy*, for the appellee.

STONE, J., delivered the opinion of the Court.

This is an action brought on a policy of insurance, against loss by fire. The loss was duly proved, but the company, among others, set up the defence, that the property, which was exclusively personal, was covered by a mortgage.

The policy contained a covenant that the policy should become void, unless consent in writing, should be endorsed on the policy by the company, in the following instance:

"If the assured is not the sole and unconditional owner of the property, * * * or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise is not truly stated in this policy."

The company contends that, as no disclosure was made to the company that the property was encumbered

by a mortgage, and no written consent endorsed on the policy that it was insured although mortgaged, that by the terms of the policy the company is not liable.

There is no doubt that, if the only condition in the policy was that the assured was the "sole and unconditional owner of the property," the policy would not be held void, if it turned out that it was encumbered by a mortgage. This point is clearly covered by the decisions in *Washington Fire Ins. Co. and Atlantic Fire and Marine Ins. Co. vs. Kelly,* 32 *Md.*, 421, and the case of *Clay Fire & Marine Stock Ins. Co. vs. Beck & Bolte,* 43 *Md.*, 358; and the question that we have to decide is, whether the additional words used in this policy, to wit "if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, is not truly stated in this policy," will apply to the case of a mortgagor.

In the warranty of the assured he stated that he has not "omitted to state to this company any information material to the risk."

Contracts of insurance, as this Court said in *Kelly's Case*, are to be construed as other contracts. The law presumes that the parties understand the contract they make, and every intelligible condition was inserted by design, and was intended to accomplish some purpose. The Court also repudiates the principle of interpretation adopted in some cases, that such contracts are to be construed most strongly against the underwriter, but adopts the sounder rule that the *intention* of the parties, as gathered from the whole instrument, must prevail.

The terms of this policy are more comprehensive than the terms used in either *Kelly's Case*, or the case in 43 *Md.* After reciting that if the assured is not the sole and unconditional owner of the property, or if the *interest* of the assured, whether as *owner*, agent, &c., or

otherwise, is not truly stated, the policy shall be void. All these qualified interests in property are insurable.

But it is important to the company that a full and true disclosure of the condition of the property should be made, as upon it, the amount of the risk and the premium may depend. In *Bowman vs. Franklin Fire Ins. Co.*, 40 *Md.*, 620, the Court uses this language: "If the property to be insured is encumbered by judgments, mortgages, or liens for unpaid purchase money, it is always of importance for the insurance company to be informed of the fact, as upon the existence, or non-existence of real interest and motive on the part of the insured to protect and preserve the property, the premium for insurance may justly be regulated;" and so in *Columbian Ins. Co. vs. Lawrence*, 2 *Peters*, 49, Judge MARSHALL said: "The extent of this interest (the assured's) must always influence the underwriter in taking or rejecting the risk, and in estimating the premium. * * * * Underwriters do not rely so much upon the principles as on the interest of the assured; and it would seem, therefore, to be always material that they should know how far this interest is engaged in guarding the property from loss." It is evident that incumbrances upon the property may influence the underwriter in taking the risk, and fixing the premium, and may justly form an important covenant in the policy, and is material to the risk.

Now the assured expressly covenanted that *he* had not omitted to state to the company, any information material to the risk. If such statement is material, then the assured has not complied with his *express covenant.*

In *Kelly's Case* the Court said that the nature of the interest of the assured, in cases of ordinary contracts of insurance, is immaterial to the risk, and an omission to state the nature and extent of his interest, where no

inquiry has been made on the subject, and it is not exacted by conditions, will not avoid the policy, unless the failure so to state would operate as an actual fraud. But the Court also said, that in that case "there were no written proposals, and no specific inquiry as to title or interest."

But in this case there is an express statement that the assured has omitted no statement, material to the risk. If the property insured had been in the hands of an agent, consignee, &c., and had been insured by such agent or consignee without disclosing the fact that he was such agent, consignee, &c., the insurance would certainly have been void. It would be held void, not because the interest was not *insurable*, but because the special interest was not disclosed to the company. The term "or otherwise" is broad enough to include incumbrances of any sort.

It has been argued with great force that the mortgagor of property has as much interest in the preservation of the property, as if it was unincumbered, because in case of loss, the mortgagor, has the debt to pay. This is true, and unless the terms of this policy by a fair construction of the same, require the disclosure of a mortgage, the existence of the mortgage, would not render it void. But the existence of a mortgage or other encumbrance, may be a material fact for the underwriters in fixing the premium, or even in taking the risk. The interest of the assured, in property mortgaged to many times its value, could hardly be supposed by a cautious underwriter, to be equal to that of an absolute owner, without any encumbrance whatever.

We think, therefore, the failure to disclose the existence of a mortgage upon the property, by a fair construction of the terms of this policy, renders the insurance void, as to such mortgaged property; and that the first prayer of the defendant should have been granted.

The next point for us to consider is the ownership of the piano. On this point there can be no doubt. The sale by Willig & Co. to the plaintiff, was a *conditional sale,* and the title did not vest in the plaintiff until all the conditions had been complied with, and he was not, as the policy expressly required him to be, the unconditional owner of it at the time of the insurance. The clause in the instrument of sale which requires the plaintiff to pay the full value, in case of the destruction by fire, does not affect the question. The terms of the policy required him to be the unconditional owner, at the time of the insurance, and this, it appears he was not.

It has been argued that defendant's third prayer, raising the question of the recovery of the value of the piano is defective in this, that it describes the plaintiff as *lessee* or *bailee,* when he was not so in fact, and was therefore properly rejected. The error, if it be one, is immaterial. The prayer asked the Court to instruct the jury, that if they found that the conditions set forth in the paper signed by Willig & Co., and Weaver had not been complied with, &c., then the plaintiff could not recover. This is substantially the prayer. Its legal effect and operation are not affected by calling the plaintiff a lessee or bailee, instead of a *conditional* owner, and it should have been granted.

From the view that we have taken of this case, we think it not material to notice the other questions raised in the argument, and the judgment must be reversed and a new trial awarded.

> *Judgment reversed, and*
> *new trial ordered.*

(Decided 16th April, 1889.)

Judge MILLER filed the following dissenting opinion, in which Judge IRVING concurred:

Westchester Fire Ins. Co. *vs.* Weaver.

I am constrained to dissent from that part of the opinion of the majority of the Court in this case, which construes the condition that the policy shall be void "if the interest of the assured in the property, whether as owner, trustee, consignee, factor, agent, *mortgagee, lessee* or otherwise, is not truly stated therein." The Court holds that the non-disclosure of *a mortgage* on the insured property comes within this condition and renders the policy void. To this I cannot agree. The policy does not call in specific terms for the disclosure of mortgages or other incumbrances. It might just as well be said that if the insured party had a judgment against him on which execution had been issued, he would be bound to disclose that fact or the policy would be void. If the condition that the assured must be "the sole and unconditional owner of the property," is not violated by the non-disclosure of a mortgage where the mortgagor is the insured party, I am unable to find anything in the terms of this condition making such disclosure essential. If the insured is a "mortgagee," he must disclose his title, and for obvious reasons. A mortgagee is not usually in possession, and this fact is important to be known by the insurer. But a mortgagor in possession may well be relied on to take proper care of the insured property. In fact, the mention of a mortgagee and not of a mortgagor in this condition, leads strongly to the inference that the latter was not intended to be included in it. In my judgment the reasoning in the opinions in *Washington Fire Ins. Co., et al. vs. Kelly,* 32 *Md.,* 421, and *Clay Fire and Marine Stock Ins. Co. vs. Beck and Bolte,* 43 *Md.,* 358, should control the decision in this case on this point.

I am instructed by Judge IRVING to say that he concurs in this opinion.

(Filed 12th June, 1889.)