# BALTIMORE CITY COURT.

Filed January 5, 1909.

JOHN BAKHAUS
VS.
CALEDONIAN INSURANCE
COMPANY.

*S. S. Field* for plaintiff.
*W. Calvin Chesnut* for defendant.

NILES, J.—

The questions now before the court in this case arise upon the pleadings.

The plaintiff's narr. contains the common counts, and a seventh count, as follows:

"(7) And for that the defendant, by its contract in writing, called an insurance policy, dated November 27, 1907, and herewith filed, in consideration of twelve dollars, paid by plaintiff to defendant, undertook and agreed to indemnify the plaintiff against loss or damage by fire to certain property therein described to an amount not exceeding $1,200, for the term of three years from said date; and afterwards, to wit, on January 19, 1908, and while said policy was in force, the said property described therein was totally destroyed by fire, and the plaintiff promptly notified the defendant thereof, and the defendant's adjuster and agent visited said property, and saw that it was totally destroyed and the defendant waived the filing by plaintiff with defendant of the formal proofs of loss, and refused and still refuses to pay the amount of said loss, and denied and denies all liability under said policy, and the plaintiff complied with all the provisions of said policy on his part, except so far as compliance therewith was waived by the defendant, and the defendant unjustly refuses to pay said loss, and loss exceeded $1,200.

The defendant filed two general issue pleas to the whole declaration and ten special pleas to the seventh count thereof aforesaid, to which pleas an additional thirteenth plea was added by leave of the court.

## Plaintiff's Replication to Defendant's Third Plea.

To the defendant's third plea, plaintiff filed a replication to which defendant demurred upon the ground that it was, in the language used by our Court of Appeals in Moses vs. Allen. 91 Md. 50, "prolix and argumentative" and "could not have been traversed except by a replication of like faulty character."

It was stated at the argument that Judge Morris had sustained the demurrer to a similar replication to a similar plea in an action in the Federal Court, between these same parties, and this court will follow the rulings of that distinguished judge.

Irrespective of his authority, however, this court would reach the same conclusion. It would seem to this court that the gist of the seventh count of the declaration is that the defendant issued its policy of insurance, but failed

to pay the loss according to its provisions, although the plaintiff performed all of his undertakings and all conditions which it was incumbent upon him to perform, except those which were waived by the defendant.

The gist of the third plea is that the plaintiff did not perform certain conditions set out in said plea the performance of which was essential to his right of action, and that performance of these conditions was not waived by the defendant. The replication then sets out certain facts and considerations which seems to furnish evidence of a "waiver" of these conditions.

Inasmuch as the declaration alleged a waiver of all conditions not complied with, and the plea denied a waiver of certain conditions, which it stated had not been complied with no replication at all, would seem to be necessary except a joinder of issue.

At most, nothing more is necessary than the statement in plain terms that the conditions set forth in the plea were waived by the defendant.

"*Matters in evidence,* also, are not to be alleged. A violation of this simple rule would obviously give to the pleadings an inordinate and intolerable prolixity." Poe's Pleadings, Sec. 550, Code, Art. 75, Sec. 2.

### Replication to Defendant's Fourth Plea.

This plea sets out the condition in the policy, requiring, as essential to a right of action, a "Statement" from the insured, of a particular kind, and within a certain time limit specified in the condition; that the statement was not rendered according to the terms of the policy; and that the rendering of such statement was not waived.

To that plea plaintiff replied as follows, viz:

"And for replication to the fourth plea the plaintiff says that he was prevented from furnishing and filing the statements therein referred to, by the action of the defendant, *and its adjuster, and that said statements manifestly are called for the purpose of determining the amount of the loss and have no application to a case when the defendant is taking the position that the policy was void before the fire.*"

It seems to this court that, had the replication not contained the words in italics, it would have been good,

amounting substantially to a statement that the condition was waived, but that the words "and its adjuster" are, at least, unnecessary, if not bad, as requiring the court to take judicial notice of the powers of an "adjuster" to bind the company; and that the words in italics following are either an *argument* in favor of a waiver or an attempt to *demur* to the plea.

The demurrer to this replication in its present form will be sustained.

### Replication to Defendant's Fifth Plea.

This plea sets up two conditions in the policy as follows, viz:

"This entire policy, unless otherwise provided by agreement, endorsed hereon or added hereto, shall be void * * * if the building herein described, whether intended for occupancy by owner or tenant be or become vacant or unoccupied and so remain for ten days." And, "warranted by the assured that this building shall be occupied by a family during the life of this policy, which shall not be construed as meaning the occupancy of an apartment or apartments by a man or men, and which, however, shall not prejudice assured's right to the ten (10) days vacancy permitted by the conditions of this policy."

The plea then alleges the breach of these conditions and denies any waiver thereof.

The plaintiff replied as follows:

"That the houses covered by the policy of insurance sued on in this case were in course of construction at the time the policy was issued; that the defendant's agent saw them and knew it, and there was no misrepresentation in regard thereto, and the fire occurred before they were completed and ready for occupancy and the policy contained the following endorsement:

"Permission to make alterations, additions, completions and repairs, and this policy to cover materials on premises for making same."

It seems to this court that when, in a pleading, anything is said to have been done by an "agent" of a person, it is equivalent to saying that it was done by some one having authority to act on behalf of the alleged principal in that particular matter, and, if such authority be denied, denial of such

"agency" must be pleaded by the alleged principal.

Taking, then, that construction of the word "agent," the knowledge of the agent set up in this replication must be held, on demurrer, to be the knowledge of the company, and this court holds that when a policy is issued upon uncompleted houses, not ready for occupancy, by an insurance company which has full knowledge of their uncompleted condition, the clause in the policy above set out allowing "completions" to be made, must be held to suspend the operation of the other clause above set out, requiring occupancy, until the buildings are so far completed as to be ready for occupancy.

The defendant's counsel urge that the "cases where insurance companies know that premises are not occupied when insured, and still are held liable, do not apply, where there is a limited vacancy allowed," and refer, as authority for this proposition, to Cooley's Briefs on Law of Insurance III, 2639, 2640.

But, upon examining this authority, it will appear that while the text writer himself prefers the rule as stated by defendant's counsel he admits that the courts are not in accord as to this; there being almost as many cases cited in support of the doctrine that "knowledge of the vacancy of premises insured, at the time a policy is issued, waives a condition, prohibiting a vacancy beyond a specified time," as are cited contra.

It also appears, on examination of the cases cited against the waiver under such circumstances, that in every such case the building insured was in esse and ready for occupancy, when the policy was issued.

There are only two cases cited where the facts were as in this case, and in each of them the court held that the policy being issued, to the company's knowledge, before the buildings were ready for occupancy, the clause avoiding the policy if the premises remained unoccupied for more than a given time, did not apply. Chamberlain vs. British American Ins. Co., 80 Mo. App. 589.

Bear vs. Atlanta Home Ins. Co., 70 N. Y. Supp. 681.

See also Clement on Fire Insurance, Vol. 11, p. 390, Rule 55.

The demurrer to this replication will, therefore, be overruled.

### Defendant's Sixth Plea.

This plea sets up the following condition of the policy, which will hereafter be called the "Interest Clause," viz:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

It then alleges that the interest of the insured was not truly stated "because the policy was not made in the name of and payable to the plaintiff alone, whereas the plaintiff owned said property with his wife, Emma Bakhaus, as tenants in common, or joint tenants, or tenants by the entireties," and there was no waiver by the defendant of this condition.

To this plea plaintiff demurred. Invoking the doctrine that any pleading must be most strongly construed against the pleader, it asserted that this plea may be taken to allege that the insured was a tenant by the entireties of this property.

It then cited the language of our Court of Appeals in McCubbin vs. Stanford, 85 Md. 390, that "By the Common Law, husband and wife were considered one person. When, therefore, land was conveyed to them and their heirs, each was in contemplation of law seized and possessed of the entire estate in fee-simple, and neither could dispose of any part of it without the assent of the other. Each was entitled to the whole, by reason of the unity of their existence."

He also cited the court's language in Brewer vs. Bowersox, 92 Md. 572, quoted in Jordan vs. Reynolds, 105 Md. 393. "This estate with its incidents, continues in Maryland as it existed at the common law."

It then argued that if the insured was "in contemplation of law seized and possessed of the entire estate in fee-simple" there was no limitation upon his title which he need state to the company.

The argument seems to this court a wrong one, but after a good deal of

4

consideration this court holds it unsound.

In Westchester Ins. Co. vs. Weaver, 70 Md. 536, our Court of Appeals seems to hold that this "interest clause" requires even a fuller disclosure than would be necessary under the clause requiring the insured to be the "sole and unconditional owner of the property" and that any "incumbrances" upon the property must, under this clause be disclosed.

See also Cooley's Briefs on Insurance, Vol. II, p. 1335.

Now, it is evident that the estate in property possessed by a husband who is tenant by the entireties, is not the same, while his wife is living, that it may become upon her death.

In Marburg vs. Cole, 49 Md. 411, the court say "By the Common Law of England, which is the law of this State, except where it has been changed or modified by statute, a conveyance to husband and wife does not constitute them joint tenants, nor are they tenants in common. They are, in contemplation of the common law, but one person, and hence they take, not by moieties, but the entirety. They are each seized of the entirety, and the survivor takes the whole."

Evidently then, when the survivor takes the whole, he has something different from what he had when he was only "seized of the entirety" during his wife's life.

So in the case of Brewer vs. Bowersox, 92 Md. 572, quoted in Jordan vs. Reynolds, 105 Md. 293, the court, after using the words already quoted, goes on to say, "The right of survivorship, which is one of its chief incidents, cannot be destroyed except by act of the two: and upon the death of either the other succeeds to the entire property or fund."

Obviously, if he only "succeeds to the entire property" upon the death of his spouse, he did not have the entire property before such death.

What he has before the death is, it is true, a fee-simple estate of which he has seisin in the entire property.

But he cannot sell or mortgage it without the consent of another. It is not an estate which he can devise nor transmit to his heirs should he die while his wife is living. Nor is it all certain what is his actual interest in the rents and profits. For all prac-

tical purposes his estate in such property is very much more "encumbered" than it would be, were it subject to a mortgage to a small percentage of its value. And if such mortgage must be disclosed (as in this court's opinion it must be, as will be hereafter shown) an incumbrance of an interest in another person, which is equal to his own interest in the property must be shown.

The demurrer will be overruled.

### Demurrer to the Replication to Defendan't Seventh Plea.

This plea sets up the following unwaived condition (hereinafter called the "sole ownership clause") as follows:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added thereto shall be void * * * if the interest of the insured be other than unconditional and sole ownership."

It then alleges that "the insured owned the property jointly with his wife, either as joint tenants, or tenants in common or tenants by the entireties."

The plaintiff replied that the "defendant's agent who secured said insurance and wrote said policy asked no questions about the ownership of the property and the plaintiff made no representation about the same. That while it is true that the ground belongs to the plaintiff and his wife as tenants by the entireties, that the improvements thereon were erected with the plaintiff's money and the policy contained the following endorsement: 'Loss, if any, payable to assured as interest may appear'."

To this replication defendant demurred.

From what has preceded it will be apparent that this court cannot accept the theory that any one is "sole and unconditional owner" of an estate when he cannot alien it when in case of his death his heirs or devisees may have no interest whatever in it, and when some one else has just as much interest in it as he has.

Nor does the breach of this condition depend at all upon whether or not the agent who wrote the policy asked the insured any questions; nor upon the question as to who the person was that actually furnished the money with which the improvements upon the land were erected.

Rochester Ins. Co. vs. Schmidt, 162 Fed. Rep., 447, 452; See also Hartford Fire Ins. Co. vs. Keating, 86 Md., 131, 145; Clement on Fire Insurance, Vol. II, pp., 155, 156; Rules 12 and 13, p. 171, Rule 31, note 8; Schroedel vs. Ins. Co., 158 Penna,. St., 459; Gennessee Falls, &c., vs. U. S. Fire Ins. Co., 44 N. Y., Supp., 979; Am. & Eng. Encyclopedia of Law, Vol. 13, p. 225, Note 2; Columbian Insurance Co. vs. Lawrence, 2 Peters, 25, 49.

This Court holds, therefore, that the replication is bad unless the condition is waived or superseded by the clause making the "loss, if any, payable to the assured as his interest may appear."

What is the effect of this clause?

The defendant, citing Brecht vs. Ins. Co., 160 Fed. Rep., 399, contends that the legal effect of such a clause is simply an appointment of some one to receive whatever sums may become due under the policy, and contends that "it is well settled that under such" form of memorandum clause the person named as payee therein is only entitled to recover as the appointee of the insured, and when the policy has become void as to the person effecting the insurance, it cannot be enforced by his appointee.

It also quotes the opinion of Judge McSherry in Agricultural Ins. Co. vs. Hamilton, 82 Md., 86.

"No matter to whom the loss may be made payable, it cannot be recovered by any one, if, by the terms explicitly set forth in the policy, no right of action can accrue at all upon the violation of some specific condition, whose observance by the insured is made necessary to fix the insurer's liability.

Defendant's counsel also referred to "Natl. Fire Ins. Co. vs. Crane, 16 Md., 260, 293.

In that case the Court says: "What are we to suppose the company meant by issuing this policy with the endorsement that the loss, if any, should be paid to Wm. Crane & Co.? It was an admission by it that they had an interest in the contract, and were to receive the benefit of it. As observed by the judge below, the policy may be regarded as having been at its inception assigned to them with the consent of the company."

This Court agrees with the defendant as to the effect of this clause, when the loss is made payable to a third person, as was the fact in all the cases cited by it.

As stated in Clement on Fire Insurance, Vol. II, p. 140, Rule 6: "Inserting a clause in a policy making loss, if any, payable to a third party, as interest may appear, does not establish notice to, or knowledge of, the company as to title or interest of the assured, who is not thereby relieved of the necessity of making a true statement of his interest."

On the other hand it must be admitted, and was so admitted by the defendant in argument, that the other part of the rule as stated by Clement in the paragraph quoted above is good law, viz: "But when the policy, instead of making the loss payable to a third party, directly insures by name several parties "as interest may appear," it operates either as a sufficient statement, or as a waiver of a more specific statement."

So the two branches of the rule are stated in Cyc. Vol., 19, p. 699.

"If a policy is made, payable to a designated person 'as his interest may appear,' there is no necessity for a specific statement as to the payee's interest, the policy amounting to a waiver of such requirement. But this does not excuse a breach of condition as to statements of title on the part of the insured, the payee not being regarded as such, nor the insurer as charged with notice of the nature of the payee's interest."

Cooley's Briefs on Insurance, II, p. 1336; DeWolf vs. Capital City Ins. Co., 16 Hun., 116; Dakin vs. Insurance Co., 77 N. Y., 600.

The law then is that, if this endorsement is to be treated as if it were made to a third party, the conditions which we have called the "Interest clause" and the "Sole ownership clause" are not waived; but if it is to be treated as equivalent to insuring in the body of the policy the "assured as his interest may appear" the conditions are waived.

Can the same rules be applied to it as are applied to "such endorsements" when made to a "third party?"

These rules all follow, as we have just seen, as a consequence from holding such endorsement to a third party

to be an assignment of the policy to him, or an appointment of him to receive the money.

To apply the same rules here, would compel us to treat this endorsement as an assignment from a man to himself, or the appointment by a man of himself to be his agent to receive money. This would be an absurdity.

On the other hand, is there any difficulty in holding that this endorsement must be construed as equivalent to the expression, in the body of the policy, that the insurance is to the "assured, as his interest may appear."

This Court can see no such difficulty. It is apparent to this Court that the endorsement is meaningless unless it contemplated a payment to the assured which might be greater or less, according "as his interest might appear," i. e. the use of these words indicated an uncertainty as to the extent of his interest, and authorized the insured, in case of loss, to show what his interest was, to the same effect as if the interest, as then chosen, had been written out at the time of the endorsement. Dakin vs. Insurance Co., 77 N. Y., 600.

The contract evidenced by the endorsement is not in this case, between the insured and a third party, but between the original parties to the insurance policy.

The "payee" here *must be regarded* as the insured.

There is no "loss payable" to the insured except what is secured by the insurance policy; and when the insurer says to the insured, "The loss under this policy will be paid you, as you may, at this time of loss, show to be your interest—the extent of which is now left in uncertainty"— it would seem to this Court that every sound principle of construction, and even good faith, would require this language to be considered as equivalent to language, in the body of the policy, directly insuring the assured as his interest may appear.

The demurrer to this replication will, therefore, be overruled upon this ground.

*Demurrer to the Replication to Defendant's Eighth and Ninth Pleas.*

The eighth plea again sets out the "interest clause" as unwaived, and alleges that the plaintiff represented that the buildings described in the policy were occupied by tenants when in fact they were not so occupied and that the company relied on said representation in issuing the policy "as it was ignorant of the true facts."

The ninth plea is the same except that it alleges that these representations were "fraudulently" made.

The plaintiff replied to the eighth plea, that "he did not, at or prior to the issue of the policy sued on, represent to the company, the defendant herein, that the buildings described in said policy were occupied by tenants; on the contrary the defendant's agent who obtained said policy saw the houses and knew that they had never been occupied, knew that they were not completed and could not be occupied at the time said policy was taken out.

To the ninth plea plaintiff replied to almost the same effect, except that he also denied that he made the representations "fraudulently," as alleged in the plea.

It seems to this Court that these replications are bad for duplicity. The part of the replication not in italics is a good replication, denying that plaintiff made the allegation charged. The part of the replication in italics sets up another defense, viz: That the defendant was not in fact misled by such representations. But this defense —if available at all—cannot be made in the same replication with the other.

The demurrers to these replications will be sustained.

Issue was joined on the replication to the tenth and eleventh pleas so that the next question that arises is as to the *demurrer to the replication to defendant's twelfth plea.*

By this plea the defendant set out the "Interest Clause" of the policy as unwaived, and then alleged "that the interest of the plaintiff was not truly stated" in the policy, "as the said policy insured only the plaintiff, and prior to the time of the execution of said policy, the plaintiff had executed a mortgage on said property 'for $350,' and said mortgage ever since said time has been upon said property; and the said plaintiff concealed from the defendant, and misrepresented to the defendant said fact at the time of the execution of the policy and prior thereto."

The plaintiff replied that "the mortgage referred to in said plea was given at the time of the purchase of the unimproved land covered by it, consisting of three acres, and was for but little over half the value of the unimproved land, covered thereby before the houses covered by the said insurance was begun, upon a very small portion of said land, and the existence of said little mortgage, secured as it is by three acres of ground, was not a material fact or circumstance to the risk of this insurance, and that the plaintiffs did not conceal the existence of said mortgage which was a matter of public record or make any misrepresentation concerning the same, and the interest of the insured in said property was truly stated."

The law prevailing in some jurisdictions is thus stated by Clement: "Mortgages, judgments or liens do not invalidate the insurance in the absence of showing made by the insurance company that a particular statement of interest had been required of the insured, and he had made fraudulent concealment or misrepresentation of such interest." Clement on Fire Insurance, Vol. II, p. 141, rule 7.

There are two cases in Maryland which hold that such is the law here when the policy contains only the clause before quoted known as the "Sole ownership clause." Insurance Co. vs. Kelly, 32 Md. 421, Insurance Co. vs. Beck, 43 Md., 358.

But in the later case of Westchester Insurance Co. vs. Weaver, 70 Md., 536, there was not only this "Sole ownership clause," but also this additional clause, viz. "If the interest of the assured in the property (whether as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise) is not truly stated in the policy the policy shall be void."

These words, except those which are enclosed in a parenthesis, are exactly the same as the words which we have called the "interest clause," in the policy now being considered.

In the Weaver case there was also a warranty of the assured that he "has not omitted to state to this company any information material to the risk."

The Court, in the Weaver case, held that the non-disclosure of a mortgage rendered the policy void.

In that case, it must be admitted, considerable stress was laid upon the warranty, which does not exist in this case.

But the Courts do not seem to rest their decision upon the warranty; for they expressly say "The question we have to decide is whether the additional words used in this policy, to wit: 'If the interest of the assured in the property, whether as owner, trustee. consignee, factor, agent, mortgagee, lessee or otherwise: is not truly stated in this policy' will apply to the case of a mortgagor."

And in the case of Skinner vs. Houghton, 92 Md., 94, the Court thus comments on the Weaver case, Judge Boyd delivering the opinion.

"In Westchester Fire Insurance Co. vs. Weaver, 70 Md., 536, the policy was held to be void, because there was a mortgage on the property, there being a proviso that it should be void unless consent in writing was given. 'If the assured is not the sole and unconditional owner of the property * * * or if the interest of the assured in the property whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise is not truly stated in the policy.' "

Again, in Farmville Ins. Co. vs. Butler, 55 Md., 233, 239, the Court says: "The argument of the appellees that the transaction between Butler and Henderson was in equity a mortgage and the fee was in the mortgagor subject to the incumbrance, does not materially affect the case, because, if the relation was such, the first and fourth conditions of the policy require the interest to be truly stated, whether as owner, etc., or 'if the interest of the assured in the property be any other than the entire, unconditional and sole ownership, etc., it must be so represented, etc., or the policy shall be void.' "

This Court, therefore, is of opinion that in the Maryland Courts, where a policy contains such a clause as appears in the policy in the Weaver case, the non-disclosure of a mortgage upon the property will avoid the policy; and this Court can see no difference in effect produced by the language used in the Weaver case, which we have above inclosed in parenthesis, from what would be the effect of the same language without the words in

parenthesis, viz.: the exact language used in the policy now being considered.

This Court will, therefore, sustain the demurrer to this replication.

The point is perhaps not very important in this case, for, if the "loss payable" clause has the effect attributed to it in this opinion, a replication would be good, setting up that clause as against this plea as well as against the sixth and seventh pleas.

### Defendant's Thirteenth Plea.

This was filed by leave of Court after argument commenced and sets up as against the whole declaration the "interest," clause and the "Sole ownership" clause; and alleges a breach of these conditions because the property was owned by the plaintiff as tenant by the entireties with his wife.

This plea was demurred to "short" in open Court.

For the reasons already given, this Court thinks the plea good and the demurrer must be overruled.

The demurrer to the replication to the defendant's third, fourth, eighth, ninth and twelfth pleas will be sustained.

The demurrers to the replications to the defendant's fifth and seventh pleas will be overruled.

The demurrers to the defendant's sixth and thirteenth pleas will be overruled.