# Boulden v. Phoenix Insurance Co.

*Action on a Fire Insurance Policy.*

1. *Action on fire insurance policy; burden of proof on plea setting up breach of insurance contract.*—In an action on a fire insurance policy,

[Boulden v. Phoenix Insurance Co.]

where the defendant sets up by plea the defense that there was a breach of a condition in the policy by the plaintiff, in that his interest in the property insured was not that of entire, unconditional and sole ownership, as he stipulated it was, the burden of proving such plea is upon the defendant.

2. *Same; unconditional ownership under contract of purchase.*—A vendee of land, in possession under a contract of purchase, a deed thereto to be executed to him upon the full payment of the purchase money, a part of which remains unpaid, has the entire, unconditional and sole ownership of such property, and is its owner in fee simple, within the condition of a fire insurance policy, providing that it shall be void if the subject of the insurance is a building on ground of which the assured is not the owner in fee simple, or of which he has not the entire unconditional and sole ownership.

Appeal from the Circuit Court of Jefferson.
Tried before the Hon. James J. Banks.
The facts of the case are sufficiently stated in the opinion.

Charles B. Powell, for appellant.—The burden of proving defenses set up by special pleas was on defendant, and the failure to show the character of Boulden's holding was fatal to the plea. An absolute, unconditional ownership may exist without deed.—*Bonham v. Iowa Ins. Co.*, 25 Iowa 328.

The material facts of plaintiff's complaint are clearly proven, and unless defendant made good, by proof, the averments of its special pleas, the judgment should have been for plaintiff. Boulden owned the building. It was not on leased land. This was all the policy required. *Hope Ins. Co. v. Brolaskey*, 35 Pa. St. 282 ; *Kibbe v. Hamilton Ins. Co.*, 11 Gray (Mass.) 163 ; *Lorillard F. Ins. Co. v. McCulloch*, 21 Ohio St. 176.

Ownership of property can be shown by parol, and the evidence is undisputed that Boulden had an insurable interest in the property, and unless the proof shows fully that the condition of the policy had been violated, plaintiff ought to recover. So far as the proof shows Boulden was the sole, unconditional owner.—*Ramsey v. Phoenix Ins. Co.*, 2 Fed. Rep. 429 ; *Farmers &c, Ins. Co. v. Fogleman*, 36 Mich. 481 ; *So. Ins. Co. v. Lewis*, 42 Ga. 587.

Lea & Bell and Arnold & Evans, *contra.*

McCLELLAN, J.—This is an action by Boulden on a policy of insurance against fire upon a hotel near Birmingham. The policy contained the following condition : "If the interest of the assured in the property be other than the entire unconditional and sole ownership of the property for the use and benefit of the assured, or if the building stands on leased ground, or if the property hereby insured, or any part thereof, is mortgaged or otherwise encumbered, or if the interest of the assured in the property be not truly stated, then and in every such case this policy shall be void." The defendant pleaded that the interest of the assured in the property "was other than the entire, unconditional and sole ownership, and that the building in said policy described stood upon leased ground, which facts were not expressed in the written part of the policy, nor so represented to the company." Upon the theory that this plea was proved the court gave the affirmative charge for the defendant ; and that action alone is relied upon by the appellant to secure a reversal of the judgment.

The burden was on the defendant to prove this plea, and in our opinion, it has failed to do so. There is no evidence that the land on which the insured building was situated was under lease to the plaintiff, but the contrary appears. The evidence as to the assured's ownership was that of the plaintiff himself given on cross examination as follows : That he owned the land on which the house was situated under a contract, that he did not have a deed to it, and that there was $1,000 due on the land. The fact that plaintiff had no deed did not prove the plea.—*Capital City Ins. Co. v. Caldwell Brothers*, 95 Ala. 77. If it be conceded that this evidence shows that the vendor held a lien on the land for $1,000 of purchase money, which, to say the least, is not clear, the existence of such lien is not inconsistent with entire, unconditional and sole ownership by the plaintiff, and does not support the plea. The court, therefore, erred in giving the affirmative charge for the defendant.

Reversed and remanded.