Mary F. Dow vs. National Assurance Company of Ireland.

PROVIDENCE—SEPTEMBER 13, 1904.

Present:  Stiness, C. J., Douglas and Dubois, JJ.

(1)  *Insurance. Ownership of Property. Forfeiture of Policy.*

Where a fire insurance policy of the standard form prescribed by Gen. Laws cap. 183 provided that it should be void if the interest of the insured should be other than unconditional and sole ownership, unless such other ownership be assented to in writing, it is vitiated by the fact that a portion of the property was held by insured on the installment plan.

Assumpsit on insurance policy.  Heard on petition of defendant for new trial, and judgment for defendant.

Stiness, C. J.  The question raised in this case is the validity of the policy, which covered household furniture of every description, in the house occupied by the plaintiff.  The policy is the standard form, as provided in Gen. Laws, cap. 183, and contains a clause that the policy shall be void if the interest of the insured be other than unconditional and sole ownership, unless other ownership be assented to in writing. It is admitted that a considerable portion of the furniture was owned by others than the plaintiff, she holding it under what is called the installment plan.

(1)    The plaintiff claims the right to recover on what she owned herself, and had a verdict, under an instruction to that effect, to which the defendant takes exception.

The condition of the policy is plain, and the breach of it is admitted.  Ownership is an important element in a contract of insurance.  As said by Marshall, C. J., in *Columbian Ins. Co. v. Lawrence,* 2 Pet. 25:  "Underwriters do not rely so much on the principles as on the interest of the assured; and it would seem, therefore, to be always material that they should know how far this interest is engaged in guarding the property from loss."

Accordingly, when insurance is contracted upon property as a whole, it is no answer to say that the insured owned a part

of it. A new element would be introduced into the contract. We can not say that the contract would have been made as it was, or even at all, if the fact had been known that only a small part of the property belonged to the plaintiff. Such a fact is deemed to be so important that it is no longer merely a provision of contract, but of statute, for the statute prescribes the clause in question. The terms of it apply to the policy as a whole. The policy is made void; not void simply as to the part of the property in which there may not be absolute ownership and valid as to the rest. We see no room for such a construction of the terms of the policy.

In *Westchester* v. *Weaver*, 70 Md. 536, where one point raised in the case involved the ownership of a piano, which the assured held under an installment agreement, with condition to pay the full value in case of destruction by fire, a stronger case than this, the court said: "The terms of the policy required him" (the insured) "to be the unconditional owner at the time of the insurance, and this, it appears, he was not."

The question was not raised in that case whether the policy was void as a whole, but the following cases are to the effect that a false statement as to the ownership of a part avoids the policy. *Cuthbertson* v. *N. C. Ins. Co.*, 96 N. C. 480; *East Texas Ins. Co.* v. *Brown*, 82 Tex. 631; *Ehrsam Machine Co.* v. *Phenix Co.*, 43 Neb. 554; *Home Co.* v. *Smith*, 29 S. W. Rep. (Tex.) 264; *Waller* v. *Northern Co.*, 10 Fed. Rep. 232; *Mullin* v. *Vermont Co.*, 54 Vt. 223; *Mount Leonard Milling Co.* v. *Ins. Co.*, 25 Mo. App. 259; *Catron* v. *Tenn. Co.*, 25 Tenn. 176.

We are of opinion that the refusal to charge that the policy was void was error, and, as this is conclusive of the plaintiff's right to recover, the case is remitted to the Common Pleas Division with direction to enter judgment for the defendant.

*Thomas F. Farrell and Henry F. Thompson,* for plaintiff.

*John A. Tillinghast and James E. Smith,* for defendant.