ANTONIO ACIONE, Respondent, *v.* COMMERCIAL UNION ASSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, Appellant.

First Department, April 5, 1918.

Insurance — fire insurance — policy construed — when insurance does not cover contents of wooden structure not connected with brick building.

A fire insurance policy which covers merchandise, fixtures and furniture " while contained in and on the brick building and *extensions thereto* " situate at a certain number on a certain street, does not cover the contents of a wooden structure in the rear of the said lot described which was forty feet from the rear wall of the brick building and had no physical connection therewith. This is true although the survey of the premises made by the insurance company mentions property stored in the yard.

APPEAL by the defendant, Commercial Union Assurance Company, Limited, of London, England, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of June, 1917, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District.

*John F. Devlin* of counsel [*Butler, Wyckoff & Campbell,* attorneys], for the appellant.

*David Goldstein* of counsel [*Goldstein & Goldstein,* attorneys], for the respondent.

DAVIS, J.:

The action was brought on a fire insurance policy. The trial court rendered judgment in favor of the plaintiff for $418.14 upon an agreed statement of facts.

Prior to November 26, 1915, the plaintiff submitted to defendant an application for fire insurance in which application it was stated that the assured was Antonio Acione, the plaintiff; that the amount of insurance was to be $2,500, distributed as follows: $1,500 on stock of merchandise consisting principally of syrup, $500 on furniture and fixtures, and $500 on household furniture located at 324 East One Hundred and Sixteenth street. Upon the receipt of this application, the defendant insurance company caused a survey of the risk to be made. The report of the person making the survey was as follows: After giving the address as 324 East One Hundred and Sixteenth street and the name of the assured, it described the property as stock and fixtures and household furniture; the building was described as a brick store and dwellings in good condition and order. The date of the survey is November 26, 1915. After describing the building itself, the survey sets forth the uses for which the building was occupied, as follows: The assured was the sole tenant and was a dealer and manufacturer of extracts; the basement was occupied for the storage of boxes and an electric motor for power; the first floor for the storage of stock, one press and nuts in bags; one-half barrel of alcohol stored in yard; second floor, office and shipping department and two brands of bottling extracts; the third and fourth floors were occupied as an apartment by the assured. Thereafter on December 1, 1915, the defendant issued its policy of insurance sued upon here, for which a premium was paid.

No. 324 East One Hundred and Sixteenth street is a lot twenty feet wide by one hundred feet deep. There are two structures on this lot, a front and rear structure. That front-

ing on One Hundred and Sixteenth street was a four-story brick building, the entire width of the lot and about fifty feet deep. On the rear of the lot was a one-story wooden structure, the entire width of the lot and about ten feet deep. There was thus an open space of about forty feet in depth and the entire width of the lot between the front brick building and the rear wooden structure. The plaintiff lived in the front building and also carried on his business there as a dealer in and manufacturer of extracts under the trade name of the Insuperable Extract Mfg. Co. He used the rear wooden structure in connection with this business. The only way of going to and from the wooden structure was through the front brick building. There was no structural connection between the front building and the rear structure.

On the 10th of November, 1916, a fire occurred in the rear wooden structure, causing a damage to property of the plaintiff stored therein amounting to $414. Upon this agreed statement of facts, the Municipal Court rendered judgment in favor of the plaintiff for $418.14, and the judgment was affirmed by the Appellate Term without opinion.

The question to be determined here is whether this policy covered any property of the plaintiff contained in the wooden structure at the rear of the premises. By the terms of the policy the plaintiff was insured to an amount not exceeding $2,500 against direct loss or damage by fire to certain property described in the policy " while located and contained as described herein, and not elsewhere," to wit, $1,500 on certain stock described, $500 on store and office furniture and fixtures, $500 on household furniture and utensils " all while contained in and on the brick building and *extensions thereto*, situate # 324 East 116th Street, known as The Insuperable Extracts Mfg. Co., Borough of Manhattan, City of New York." The language of this policy is quite definite as to what goods were to be insured. It was property contained in the brick building and extensions thereto. We think that the one-story wooden structure in the rear of this lot, forty feet away from the rear wall of the brick building, was not an extension of the brick building. The respondent has cited several cases with a view of showing that this wooden structure should be deemed an extension of the brick building, but in most, if not all of these

cases, the particular building which was sought to be classified as an extension had some physical connection with the other building either by being continguous to it or connected with it by other structures.

The respondent claims that the survey, made by the representative of the insurance company, shows an intention to insure property contained in the wooden structure. He interprets this survey to mean that there was contained in the wooden structure stock, a press, nuts in bags and one-half of a barrel of alcohol. By reference, however, to that survey, it cannot bear this interpretation. It sets forth that the first floor of 324 East One Hundred and Sixteenth street was used for the storage of stock and one press and nuts in bags, and the words " stored in yard " are so placed as to mean that one-half barrel of alcohol was stored in the yard. Whether this alcohol was in the one-story structure at the rear of the yard or in the open yard does not appear.

This is not a case where the policy is ambiguous in its terms, requiring the court to give an interpretation most favorable to the insured. The policy is quite unambiguous. It covers property contained in the brick building and extensions thereto, situate at No. 324 East One Hundred and Sixteenth street, and, as the property destroyed was contained neither in the brick building nor in any extension thereto, but in a one-story wooden structure forty feet away, although on the same lot, it seems clear that it was not the intention that property stored in the latter structure should be covered by the insurance.

For these reasons, we think the determination of the Appellate Term and the judgment of the Municipal Court should be reversed and judgment entered in favor of the defendant, dismissing the complaint, with costs in all courts.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Determination and judgment reversed, with costs, and complaint dismissed, with costs.