(112 So. 95)

## SUPERIOR FIRE INS. CO. v. WHELCHEL.
### (6 Div. 62.)

(Court of Appeals of Alabama. March 29, 1927.)

London, Yancey & Brower, of Birmingham, for appellant.

J. Reese Murray, of Birmingham, for appellee.

RICE, J. ■ The law in this state is that when a policy of insurance covers a building and personal property included in it, or so attached that its loss would be the natural consequence of·the destruction of the building, as, a dwelling house and furniture, a false warranty as to the building avoids the whole policy. Western Assurance Company v. Stoddard, 88 Ala. 606, 7 So. 379.

Appellant here, complaining of a judgment rendered against it in the lower court, in a suit brought by appellee for the value of certain furniture destroyed by fire, on a policy of fire insurance covering said furniture and. the house containing same, argues solely the· claimed error of the trial court in giving, at appellee's request, the general affirmative charge in her favor, on the substantive merits of the case.

■ The general affirmative charge, with hypothesis, should never be given where there is conflict in the evidence, however slight, and even though the conflict be presented only in testimony (direct and cross) of the same witness. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812.

■ A careful reading of the entire evidence in this case convinces us that there were tendencies of same from which the jury could have found the following facts:

(1) The land, upon which was situated the house containing the furniture in question, was owned by the Tennessee Coal, Iron & Railroad Company.

(2) Appellee had no sort or claim of interest in said land or said building.

(3) Appellant's agent, issuing the policy sued on, was not advised of appellee's lack of ownership of said lands or the building.

■ Under the pleadings, if the above findings had been made by the jury, it is clear that the warranty, claimed to have been made by appellee that she was the owner of the said building, failed, and she would not have been entitled to recover for the loss of the furniture which was contained therein at the time of its destruction. In fairness, it should be said that appellee, in offering testimony to support her replication to appellant's pleas, undertook to show, not that she owned the land or building in question, but that appellant's agent was informed of her lack of ownership and went ahead and issued the policy anyway. However, if appellant's witness Withington is to be believed, appellee's agent Cox, who represented and acted for her in procuring the policy, did no more than inform appellant's agent that appellee owned the property, or held it, under a lease sale contract executed to her by one Mrs. Gordon. On its face this would show an ownership in appellee which would support the issuance of the policy in question, without appellant waiving anything. Boulden v. Phœnix Insurance Company, 112 Ala. 423, 20 So. 587. The fact was, though, that some of the evidence tended to show that Mrs. Gordon had, herself, no title to the land or building in question, and that appellee knew such fact.

The law standing as it does, and the tendencies of the evidence being what they are, we are persuaded that the trial court erred in giving the general affirmative charge in her favor at appellee's request. For this error, the judgment is reversed and the cause remanded.

Reversed and remanded.