JAMES GRALEY, Respondent, v. AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

JAMES GRALEY, Respondent, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Fourth Department, June 1, 1932.

*Mackenzie, Smith, Michell & Bruce* (*Charles E. Spencer* of counsel], for the appellants.

*Byrne, Byrne & Lowery* [*Richard P. Byrne* of counsel], for the respondent.

EDGCOMB, J. These actions are brought to recover on two policies of fire insurance, one covering a one and a half story frame building in the city of Fulton, N. Y., "while occupied as a dwelling," and the other covering household property while contained in the said dwelling. The insurance companies claim, among other things, that the policies are void because of a breach of warranty, and also on account of an increase in the hazard.

The cases were tried together, and were sent to the jury upon an able and comprehensive charge, and one which correctly and fairly stated the law applicable to the case. We think, however, that the verdicts, which were rendered in favor of the plaintiff, are against the weight of the evidence, and should not be permitted to stand.

The provision in the policy insuring the building "while occupied as a dwelling" constitutes a warranty by the insured that the structure was, at the time of issuing the policy, and, during the life of the policy, would continue to be occupied solely as a dwelling house. If it was used otherwise, such warranty is breached. (*Alexander* v. *Germania Fire Ins. Co.*, 66 N. Y. 464; *Maher* v. *Hibernia Ins. Co.*, 67 id. 283; *Wall* v. *East River Mut. Ins. Co.*, 7 id. 370; *Gallin* v. *Allemannia Fire Ins. Co.*, 184 App. Div. 876, 879; affd., 230 N. Y. 547.)

At the time of the fire there was in the house a bottling machine, a capping machine, two gasoline stoves, several hundred bottles, five or six half barrels, which were full of some liquid, described by certain witnesses as beer, a barrel of cider, a copper container, a coil, and at least twelve dozen cases of beer, the alcoholic content of which is not given, and which is of but little importance here. Plaintiff admitted to the district attorney of Oswego county that he was making home brew on the morning of the fire.

Evidence of this character carries conviction to one's mind that the property was being used for purposes other than a place of abode. Plaintiff's evidence that all this paraphernalia was used simply to supply his personal wants, and that these twelve dozen cases of beer were intended solely for home consumption, is so unreasonable and fantastic as to carry credulity to the breaking point.

This brings us to another finding which we think is against the weight of the evidence.

Each policy contained the standard form provision in respect to increase of hazard, which reads as follows: "Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring * * * (b) while the hazard is increased by any means within the control or knowledge of the insured."

Concededly, no agreement for any such added peril was attached to either policy.

An increase of hazard takes place whenever the insured property is put to some new use, or its physical condition is changed, and the new use or changed condition increases the chance of loss. (*Ampersand Hotel Co.* v. *Home Ins. Co.*, 198 N. Y. 495, 498.)

Whether the risk assumed by an insurance company has been increased by some particular use to which the insured property is put is generally, although not always, a question of fact for the jury. (*Coffaro* v. *Queen Ins. Co.*, 217 App. Div. 197, 199; *Taverna* v. *Palatine Ins. Co.*, 228 id. 33, 35.)

Notwithstanding the fact that this question was doubtless one for the jury, we fail to understand how any trier of the fact could refuse to find on this evidence that the hazard was increased here by reason of this manufacturing business which was being conducted in this house. The premium for insurance on property used for bottling purposes is considerably higher than it would be if the building was used as a dwelling. The companies never contracted to make good any loss on this house, if it was used for the purposes for which the evidence shows that it was being used.

We think that the jury went far astray, and failed to give proper heed to the evidence, and to the legitimate inferences to be drawn therefrom.

The verdicts are clearly against the weight of the evidence, and in the interests of justice should be set aside.

All concur, except TAYLOR, J., who dissents and votes for affirmance.

In each action: Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.