6 So.2d 513

## FIDELITY PHENIX FIRE INS. CO. OF NEW YORK v. RAPER.

### 8. Div. 128.

Supreme Court of Alabama.

Nov. 21, 1941.

Rehearing Denied Jan. 29, 1942.

Further Rehearing Denied March 12, 1942.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Arnold Teks and W. L. Chenault, both of Russellville, for appellee.

THOMAS, Justice.

The appeal challenged the action of the trial court in entering a judgment for the plaintiff, or in failing or refusing to find the facts with reference to the ownership of the insured's property and plaintiff's interest therein, during the term of the policy sued on.

It is well established that in a proper case the appellate court should review the trial court on the sufficiency and correctness of its finding of facts. Shaw v. Knight, 212 Ala. 356, 102 So. 701; United States F. & G. Co., v. Yeilding Bros., etc., 225 Ala. 307, 143 So. 176.

The law as to violation of contract clauses of policies of insurance as to insurable interests of assured was fully considered and authorities collected in Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180. The rule as to a waiver of the clauses of a policy requiring sole and unconditional ownership and ownership in fee simple or a recognized insurable interest of the land is likewise well established, and it is to the effect that the agent knew that the insured had an insurable interest in the property insured and the exact nature of

such interest. Girard Fire & Marine Ins. Co. v. Gunn, supra; Gunn v. Palatine Ins. Co., 227 Ala. 245, 149 So. 672; Royal Exchange Assur. of London, England v. Almon, 206 Ala. 45, 89 So. 76.

After a careful examination of the matter before us, we are of the opinion that the order and judgment aforesaid is not in accord with the law having application to the facts as we understand them.

The evidence is uncontroverted that the land belonged to Sloss-Sheffield Steel & Iron Company. It was by the latter leased to Mott Bradley, with condition for cancellation that it could not be sublet without written permission. There was no provision in the lease with reference to placing improvements thereon. It followed that such permanent improvements placed on the land became a part of the freehold and thereby became the property of the original owner and lessor.

Contrary to the provisions of his lease, Mott Bradley subleased the property to E. B. Flippo, who erected the building, sought to be insured, on the land. The lease from Mott Bradley to Flippo provided that the improvements could be removed by Flippo. A joint agreement was made between Mott Bradley, E. B. Flippo and Letha Yalock, and by this agreement, Flippo sold the building to Mrs. Yalock and sublet to her.

The appellee Raper contends that he bought out Mrs. Yalock's interest. The evidence shows that actually he was buying it to start with in the name of Mrs. Yalock. It is not necessary to determine which was the fact, as in our opinion, it is immaterial as to which is true.

There is no evidence to show that the Sloss-Sheffield Steel & Iron Company ratified such agreement as to this or ever knew of its existence.

In addition to this, prior to this fire, the lease between Sloss-Sheffield Steel & Iron Company and Mott Bradley was cancelled by mutual consent, on October 17, 1939, and a new lease was made by Sloss-Sheffield Steel & Iron Company to J. W. Nelson and J. W. Howell. The property insured burned on January 4, 1940.

On these uncontradicted facts, plaintiff, if he had an interest at all, is merely a trespasser or tenant by sufferance. That is to say that plaintiff had no right which he could enforce so far as the building was concerned and could have been ousted at any time. He did not even have the right of possession except as a squatter or trespasser would have.

The law is clear that a person with no interest in the land other than that of a tenant by sufferance, or a squatter, or a trespasser, has no insurable interest in the property. This matter was expressly decided in the case of Royal Exchange Assur. of London, England v. Almon, 206 Ala. 45, 89 So. 76, 78. In that case the husband was living with his wife on a farm and insured the buildings belonging to his wife. The court held that he had no interest in the property other than the mere right to live there with his wife, and that this was not sufficient to establish an insurable interest. The court said:

"Did the plaintiff have an insurable interest in the barn? If not, then the policy would be void as to the barn; it being repugnant to public policy to allow one person to insure the property of another for his benefit.

\* \* \* \* \*

"The barn belonged to the wife; possession alone was in the husband, the plaintiff. Just bare possession of the barn with no facts averred except being the husband, to show right of possession and use of the barn, is not sufficient interest in the barn by plaintiff to be insured. It is not an insurable interest."

To the same effect was the decision in Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180, supra.

In addition thereto this court held in Pope v. Glenn Falls Ins. Co., 136 Ala. 670, 34 So. 29, 30, that a person who did not have any right in property which he could enforce either at law or in equity had no insurable interest. It was therein said: "This was no contract that the plaintiff could have enforced at law or in equity against the association. It was without consideration and rested in parol. It was void under the statute of frauds. A person can have no insurable interest where his only right arises under a contract which is void or unenforceable either at law or in equity. 2 Joyce on Ins. § 892. See Essex Savings Bank v. Meriden Ins. Co. [57 Conn. 335], 17 A. 930, 18 A. 324, 4 L.R.A. 759."

See, also, American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 221 Ala. 280, 128 So. 225.

In the case of Ward v. Concordia Fire Ins. Co., 211 Mo.App. 554, 244 S.W. 959, 961, the plaintiff purchased property from

a guardian who had no right to sell, and in holding that plaintiff had no insurable interest, the court said: "But, in the case at bar, plaintiff by his mere purchase and occupation of the property, obtained no equitable rights therein. He bought from one who purchased from a pseudo guardian, who had no right to sell, and who did not thereby bind the owner. In other words, plaintiff obtained no equitable rights whatever in the property, except such as are shown to be based upon a benefit which can be traced back to the owner Shanklin. If the money paid for the property at the so-called guardian's sale, or any part thereof, went to the owner or was used for his benefit, and if the plaintiff, after his purchase, made permanent improvements on said property which would enhance the value of the property in the true owner's hands, then to that extent plaintiff had an equitable interest in or lien upon the property. Shanklin v. Ward [291 Mo. 1], 236 S.W. [64], 69. And such interest is an insurable interest, at least to the extent of the amount of money that went to the benefit of the true owner and value of the permanent improvements that were covered by the insurance. 1. Cooley's Briefs on Ins., 156; [Royal] Insurance Co. v. Stinson, 103 U.S. 25, 26 L.Ed. 473."

■ In the instant case, plaintiff claims that he acquired his rights from Mrs. Yalock, who in turn acquired whatever rights she had from Flippo, who in turn acquired whatever rights he had from Mott Bradley. The evidence shows that Mott Bradley had no right whatever in and to said property. The only rights that Bradley had were acquired by virtue of a written lease which he had with the Sloss-Sheffield Steel & Iron Company. In this lease there was no provision that any improvements could be removed at the expiration of the lease. The rule on this proposition was declared in Farmers & Merchants Bank v. Sawyer et al., 26 Ala.App. 520, 163 So. 657. The court there lays down the rule that any buildings or other fixtures or structures erected on land become attached to and a part of the realty, for the owner of the land. This case clearly differentiates that from Gray v. Crowell et ux., 214 Ala. 425, 108 So. 239; Clements v. Morton, 200 Ala. 390, 76 So. 306, and Walker v. Tillis, 188 Ala. 313, 66 So. 54, L.R.A.1915 A, 654, cited by the trial court in its finding of facts with reference to this case. Federal Land Bank v. Davis, 228 Ala. 85, 152 So. 226.

■ The evidence shows the lack of an insurable interest and this cannot be waived. American Equitable Assurance Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37, 39.

■ Moreover, the provisions of the policy with reference to occupancy were violated. The policy stipulated as follows:

" * * * In Consideration of the Stipulations Herein Named and of Thirty-Six and No/100 ——— Dollars Premium does insure A. R. Raper, Russellville, Alabama, for the term of one year from the 6th day of March, 1939, at noon to the 6th day of March, 1940 at noon against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding Twelve Hundred and no/100 ——— Dollars, to the following described property while located and contained as described herein, and not elsewhere, towit:

| Ala., N. C. | Mercantile Building |
| Form No. 110 | (Three-fourths Value |
| (Revised 5–30) | Clause) |

$700.00 On the one story, frame building, with Metal roof, only while occupied by Owner as Filling Stat. Dwelling & Store and not for other purpose situated 2 Miles from Russellville, Ala. on the west side of North Jackson Highway

$XXX On Store Furniture, and Fixtures, including Iron Safes and Cash Registers, only while contained in the above described building.

$500.00 On Household Goods & Furniture while contained in the above described building. * * *."

The contract provision is that all the property was insured while occupied by the owner as a dwelling house and store.

The uncontradicted evidence is that the plaintiff never occupied the store, but that for some time it was occupied by Mrs. Letha Yalock, a friend of plaintiff, for whom plaintiff was buying all of the household equipment and other articles needed by her. That is to say, the evidence shows beyond a doubt that Mrs. Yalock was a friend of plaintiff, Raper, and lived in the building as such for a time; that about a month before the fire Mrs. Yalock became ill and moved and plaintiff then leased the building to one Ocie Kellar for a rental of $5 per month, and said Ocie was occupying the property at the time of the fire.

This constitutes a violation of the policy and defeats any recovery thereon under well-considered cases, as we will indicate.

The law on this proposition was declared in Home Ins. Co. v. Currie et al. 5 Cir., 54 F.2d 203, 205. In this case the property was insured "while occupied by owner and not otherwise as a dwelling." At the time of the fire, the property was occupied by tenants. In holding that plaintiff could not recover because of this breach, the court, in part, said: "The quoted words have the effect of a continuing warranty that the owner alone would occupy the house as his dwelling, a breach of which would terminate the insurance on it. Connecticut Fire Ins. Co. v. Buchanan [8 Cir.], 141 F. 877, 4 L.R.A. (N.S.) 758; Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231. We cannot regard this plain language to be altered by the printed stipulation of the policy form in another place that 'This entire policy shall be void unless otherwise provided by agreement endorsed hereon or added hereto * * * if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment, or by voluntary act of the insured or otherwise.' The exception of change of occupation without increase of hazard implies a permission to make such change as against any avoidance of the insurance because of the provision to which it is an exception. But it is not a positive and general permission to make such change which can be considered to impair the special warranty of owner occupation. The policy itself discloses that a higher rate would have been charged for tenant occupancy. By taking the policy at the lower rate under a limitation excluding tenant occupancy, the insured has estopped himself as to this insurance to claim that a change to tenant occupancy would not increase the hazard."

The law was also declared by the New York Supreme Court in the case of Grady v. Concordia Fire Insurance Co., 267 N.Y. 177, 196 N.E. 16, 17. In this case the property was insured "while occupied as a private family residence." At the time of the fire, the property was actually occupied as a speakeasy. The court in holding that plaintiff could not recover for loss of the dwelling or household furniture contained therein, declared as follows: "Such clauses are sometimes spoken of as promissory warranties (Graley v. American Eagle Fire Ins. Co., 235 App.Div. 490, 257 N.Y.S. 566; 26 C.J. 203), but the use of the words 'while occupied' in this connection would seem rather to be a limitation of the coverage of the policy for the purpose of withdrawing risks that the insurer was unwilling, for one reason or another, to undertake (Langworthy v. Oswego & Onondaga Ins. Co., supra [85 N.Y. 632]; Shawmut Coal & Coke Co. v. American Credit-Indemnity Co. of New York, 232 App.Div. 29, 248 N.Y.S. 378). Such has been the treatment of similar phrases in connection with the use (Mawhinney v. Southern Ins. Co., 98 Cal. 184, 32 P. 945, 20 L.R.A. 87) or location or movable property (Acione v. Commercial Union Assur. Co. Limited, of London, England, 182 App.Div. 822, 169 N.Y.S. 908; Gertner v. Glens Falls Ins. Co., 193 App. Div. 836, 184 N.Y.S. 669, affirmed, 233 N.Y. 568, 135 N E. 921; Leavitt v. National Fire Ins. Co. of Hartford, Conn., 88 Misc. 563, 151 N.Y.S. 71); and like limitations on attachment and duration of risk are a commonplace of marine and ocean freight policies. These are not within the usual definition of a promissory warranty, an undertaking that some particular thing be or be not done, or an assertion of the existence of some particular state of facts."

The above rule was also referred to by our court in the case of Camden Fire Ins. Ass'n v. Landrum, 229 Ala. 300, 156 So. 832, 833. In regard to the rule hereinabove referred to, this court said, in part, as follows:

"It seems to be recognized that an insurance risk upon a building 'occupied as a dwelling' is a warranty that the building is occupied, and, if unoccupied, the policy is void. Boyd v. Vanderbilt Ins. Co., 90 Tenn. 212, 16 S.W. 470, 25 Am.St.Rep. 676; Gallin v. Allemannia Fire Ins Co., 184 App.Div. 876, 172 N.Y.S. 662, affirmed 230 N.Y. 547, 130 N.E. 888; Alexander v. Germania Fire Ins. Co., 66 N.Y. 464, 23 Am.Rep. 76, 4 Couch, Ency.Ins.Law, § 969b; 3 Cooley's Briefs, p. 2073; 14 R.C. 1. p. 1049, § 226.

"Some authorities hold a contractual stipulation that the dwelling is occupied by the owner is a warranty which renders the insurance void, if occupied by a tenant. Home Ins. Co. v. Currie [5 Cir.], 54 F.2d 203; Connecticut Fire Ins. Co. v. Buchanan [8 Cir.], 141 F. 877, 4 L.R.A. (N.S.) 758; Imperial Fire Ins. Co. v. Coos County, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231.

"Without committing ourselves to this latter statement, and limiting our decision to cases of the class before us, we are convinced that a warranty or representation that the dwelling is occupied by a tenant, when in fact it is occupied by another claiming in his or her own possessory right, hostile to any possessory right claimed by the insured, is material, and affects the risk of loss by an insurer."

The above-quoted authorities are applicable to the case at bar. The property was insured only while occupied by owner as a dwelling and store. This is a matter of coverage. At the time of the fire it was not occupied by owner either as a dwelling or a store but by one Ocie Kellar, as a tenant, who was paying the nominal rental of $5 per month. Whether this is construed to be a breach of warranty or a question of coverage, the policy was violated and plaintiff cannot recover. There is no question of waiver on this proposition, as there was no evidence introduced to show any notice or knowledge on defendant's part as to how the building was occupied or used, other than as contained in the policy issued by defendant.

■ It is further declared by this and other courts that the coverage cannot be enlarged by waiver or estoppel. Home Ins. Co. v. Scharnagel, 227 Ala. 60, 148 So. 596; Home Ins. Co. v. Campbell Motor Co., 227 Ala. 499, 150 So. 486, 489.

Of this, Mr. Justice Knight, has observed in Home Ins. Co. v. Campbell Motor Co., supra, that: " * * * Waiver or estoppel can only have a field of operation when the subject-matter is within the terms of the contract. No one, we assume, would argue that a policy of insurance, which protected one against loss by fire, could be extended or broadened, by the application of the principle of waiver or estoppel, to cover loss by cyclone. The effect, in such a case, would be to create a new contract, without a new consideration. Great Am. Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658; 5 Cooley's Briefs on Ins., page 3953; Ruddock v. Detroit Life Ins. Co., 209 Mich. 638, 177 N.W. 242. * * *"

■ As to the personal property item, the uncontradicted evidence shows that a large part was purchased under retention of title contracts, and was not paid for at the time of the fire. Both Mrs. Yalock and plaintiff Raper admitted that they purchased the personal property on retention of title contracts, and said contracts were also offered in evidence.

Under this state of the evidence, plaintiff was not the sole and unconditional owner of the property and the policy was violated as to the personal property for this reason. The rule on this phase of the case was clearly declared in National Liberty Ins. Co. of America v. Spharler et al., 172 Ark. 715, 290 S.W. 594, 596. The court said, in part, as follows: "This court has held that, in case of conditional sale of personal property in which the title is reserved in the vendor until the purchase price has been fully paid, the vendee is not considered the sole and unconditional owner, although he would be liable for the price in the event of the loss of the property."

The same rule was declared in Mishiloff v. American Cent. Ins. Co., 102 Conn. 370, 128 A. 33.

In Virginia Fire & Marine Ins. Co. v. Lennon et ux., 140 Va. 766, 125 S.E. 801, 806, 38 A.L.R. 186, 194, there is an extensive opinion to the effect that:

"The sales contract in the instant case not only provides that title and right of property in the furniture in question shall remain in the vendor, but that, in the event that the vendee fails to pay the purchase price or any installment thereof as provided, the vendor shall have immediate right to take possession of same, and the vendor also retains the right to repossess if the furniture is removed from the residence then occupied by vendee. The possession of vendor is thus qualified, and the ownership is conditioned upon full payment of the purchase price. There is only one characteristic of ownership here, viz., the right to use the furniture, and that was restricted to the premises then occupied by vendee. This contract is to all intents and purposes identical with the contract referred to in Harkness v. Russell [& Co.], supra [118 U.S. 663, 7 S.Ct. 51, 30 L.Ed. 285], in which the United States Supreme Court held that the transaction was not a mortgage, but was an executory conditional sale. As above shown, this holding was specifically approved in Chicago R. [Equipment] Co. v. Merchants' [Nat.] Bank, supra [136 U.S. 268, 10 S.Ct. 999, 34 L.Ed. 349], and this was the case Keith, P., followed in [Exposition] Arcade Corp. v. Lit. Bros. [113 Va. 574, 75 S.E. 117, Ann.Cas.1913D, 335]. See, also, Bailey v. Baker Ice Mach. Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275; and Bryant v. Swofford Bros. [Dry Goods Co.], 214 U.S. 279, 29 S. Ct. 614, 53 L.Ed. 997.

"So, while it may very well be, as between the vendor and vendee, a conditional sale

contract, when the property is destroyed, will not relieve the vendee from the payment of the purchase money, yet as between the purchaser of property and an insurer, who contracts with the purchaser upon the express stipulation that the interest of the purchaser shall be unconditional and sole ownership, the existence of a conditional sales contract, without the knowledge of the insurer, would render the policy void.

"To hold otherwise under the conditions of the contract above set out would be to totally disregard the plain meaning of ordinary English. One whose ownership and interest in property are dependent upon his performance of an act which has not been performed cannot be said to be in unconditional ownership. If this is not conditional ownership, then there is no such thing as conditional ownership. The unconditional and sole ownership clause in an insurance policy is aimed at just such ownership. * * *"

And the general rule is in accord with the above-quoted decision that a vendee of chattels, under a conditional sale contract, is not the "sole and unconditional owner" within a policy of insurance thereon, making it void in the absence of such ownership. The rule has been adhered to in Arkansas, Connecticut, District of Columbia, Indiana, Maryland, Massachusetts, Ohio, Oklahoma, Rhode Island, Washington, Wisconsin, as well as in our own state.

The rule on this proposition was declared by the court in Superior Fire Ins. Co. v. Whelchel, 22 Ala.App. 51, 112 So. 95. This case is almost identical to the case at bar. In the Whelchel case, it appeared that the building stood upon land belonging to the Tennessee Coal & Iron Company, and that appellee had no claim to said building and was not the owner thereof. The court also held that the plaintiff could not recover for loss of personal property located in said building. Western Assurance Co. v. Stoddard, 88 Ala. 606, 7 So. 379.

It results therefore that the order of the circuit court from which this appeal is taken is reversed and one here entered in behalf of appellant, the Fidelity Phenix Fire Insurance Company of New York.

Reversed and rendered.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur in result on the last proposition.

On Rehearing.

THOMAS, Justice.

This case was put on rehearing by the writer when it was discovered that some of my brothers were doubtful about the seventh headnote, contained in the printed opinion (Fidelity Phenix Fire Ins. Co. of New York v. Raper), and which is a correct statement of the opinion to that effect rendered on original hearing.

The basis of that holding was the cases of National Liberty Ins. Co. of America v. Spharler et al., 172 Ark. 715, 290 S.W. 594, 596; Mishiloff v. American Cent. Ins. Co., 102 Conn. 370, 128 A. 33; Virginia Fire & Marine Ins. Co. v. Lennon et ux., 140 Va. 766, 125 S.E. 801, 806, 38 A.L.R. 186, 194.

The annotations of the Virginia case, supra, contain a note by the editor that the general rule throughout the courts is that announced in the Virginia case to the effect that a vendee of chattels under a conditional sale contract is not the sole and unconditional owner thereof within a policy of insurance thereon making it void in the absence of such ownership. This is the effect of Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 5 So. 500; Phoenix Ins. Co. v. Public Parks Amusement Co., 63 Ark. 187, 37 S.W. 959; Hartford Fire Ins. Co. v. Enoch, 72 Ark. 47, 77 S.W. 899; Mishiloff v. American Cent. Ins. Co., supra; Dumas v. Northwestern Nat. Ins. Co., 12 App.D.C. 245, 40 L.R.A. 358; Conyers v. Yorkshire Ins. Co., 30 Ga.App. 6, 117 S.E. 102; Geiss v. Franklin Ins. Co., 123 Ind. 173, 24 N.E. 99, 18 Am.St.Rep. 324; Westchester Fire Ins. Co. v. Weaver, 70 Md. 536, 17 A. 401, 18 A. 1034, 5 L.R.A. 478; Ballard v. Globe & Rutgers Fire Ins. Co., 237 Mass. 34, 129 N.E. 290; Phoenix Ins. Co. v. Quinette, 36 Okl. 384, 128 P. 722; Dow v. National Assur. Co., 26 R.I. 379, 58 A. 999; 67 L.R.A. 479, 106 Am.St. Rep. 728; McWilliams v. Cascade Fire & Marine Ins. Co., 7 Wash. 48, 34 P. 140; Cooper v. Ins. Co. of Pennsylvania, 96 Wis. 362, 71 N.W. 606. There are many other decisions in the annotations to like effect.

In Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 192, 5 So. 500, 501, it was held: " * * * By express stipulation the parties make it material, and the validity of the contract dependent on a compliance with the condition. The assured, by accepting a policy in which such condition is incorporated, becomes bound·

thereby, and when he claims to enforce the contract, and receive its benefits, he is estopped from denying his assent to the stipulation. Lasher v. [St. Joseph Fire & Marine] Ins. Co., 86 N.Y. 423; Mers v. [Franklin] Ins. Co., 68 Mo. 127; Swan v. [Watertown] Ins. Co., 96 Pa. 37; Adema v. [LaFayette Fire] Ins. Co., 36 La.Ann. 660; [Alabama Gold Life] Ins. Co. v. Johnston, 80 Ala. 467, 2 So. 125, [59 Am. Rep. 816]."

In Aetna Ins. Co. v. Kacharos, 226 Ala. 504, 147 So. 438, 439, 91 A.L.R. 1432, it was declared on the many authorities cited that there was no liability under the terms of the policy for the reason insured was not the unconditional and sole owner, but that, "On the contrary, the case of Gaylord v. Lamar Fire Ins. Co., 40 Mo. 13, 93 Am. Dec. 289, supporting the contrary view, is a case much in point, cited and quoted by this court in Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 423, 33 L.R.A. 258, 57 Am.St.Rep. 17. A consideration of underlying principles leads to a like conclusion." The court continued: "Forfeiture clauses of this character in policies of insurance are to be strictly construed against the insurer, and always with reference to their legitimate effect, that is, the protection of the insurer against risks that are materially different from those which he has undertaken. * * *"

The Kacharos case, supra, was dealing with the effect of the right of redemption that had not expired at the time of the issuance of the policy of insurance, and not a conditional sales contract as here under consideration.

It will be noted that the terms of the policy thus dealt with in the last cited authority are materially different from those contained in the instant policy.

In addition to the provisions of the policy set out in the original opinion are the further conditions: "It is understood and agreed * * * that, the three-fourth value clause, * * * the electric light, heat and power permit, * * * the standard time clause * * *, the powder and kerosene permit * * *, the lightning and electrical apparatus clause * * *", are made a part thereof and further that "this entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; * * * or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage; * * * or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise; * * *."

On the original hearing and now we treated the conditional sale contract of the personal properties in question placed in the house with other properties belonging to Mrs. Yalock as property under a chattel mortgage. The evidence shows that these purchases were made by Mrs. Yalock and she said that she conveyed her interest in such to the assured Raper. The evidence fails to show any such transfer was made to Raper either before or after the issuance of the policy and further fails to show that defendant company or its agent had any knowledge of such condition of the title.

The writer was and is now of the opinion that the rule announced in Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L.R.A. 258, 57 Am.St.Rep. 17; Boulden v. Phoenix Ins. Co., 112 Ala. 422, 20 So. 587; Aetna Ins. Co. v. Kacharos, supra, 226 Ala. 504, 147 So. 438, 91 A.L.R. 1432, does not obtain in the instant case.

In Gunn v. Palatine Ins. Co., Ltd., of London, England, 217 Ala. 89, 91, 114 So. 690, 691, the now Chief Justice made the following observations:

"The case of Loventhal v. Home Ins. Co., 112 Ala. 108, 20 So. 419, 33 L.R.A. 258, 57 Am.St.Rep. 17, contains much discussion of the question here involved, with numerous citations of authorities. Among those cited and quoted approvingly is that of Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, 12 A. 668, 2 Am.St.Rep. 686, from which the following quotation is taken:

" 'This provision of the policy does not necessarily distinguish between the legal and the equitable estate. If the title is conditional or contingent, if it is for years only, or for life, or in common, it is not the entire, unconditional and sole ownership; but, whether the title be legal or equitable, the interest of the assured is the same, so far as it affects the contract of insurance. The purpose of the provision is to prevent

a party who had an undivided or contingent, but insurable, interest in property, from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove him from the temptation to perpetrate fraud and crime; for without this a person might thus be enabled to exceed the measure of an actual indemnity.'

"The recent case of New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82, deals with the stipulation here involved, and, in holding that there was a breach of the provision of the policy as to ownership in fee simple by the insured of the lot on which the building was located, came in conflict with the decision in Commercial Union Assur. Co. v. Ryalls, 169 Ala. 517, 53 So. 754, which latter case was there overruled."

In Girard Fire & Marine Ins. Co. et al. v. Gunn, 221 Ala. 654, 659, 130 So. 180, 183, a like observation was made, as follows:

"In view of the positive pronouncements made by this court in Gunn v. Palatine Ins. Co. et al., 217 Ala. 89, 114 So. 690, that the defect presented 'was not a mere question of defect of title, but extent of ownership,' and that on this question defendants were entitled to the general affirmative instruction. * * *"

The decisions of this court upon the question of whether or not a conditional purchaser of property is a sole and unconditional owner in fee simple within the terms of an insurance policy have been with reference to real estate. The rule adopted by the majority of courts is that a vendee of chattels under a conditional sales contract whereby the vendor reserves title to himself until the payment of the purchase price in full is not the sole and unconditional owner within the meaning of a policy requiring such ownership; "and this is the rule notwithstanding delivery of possession to the vendee and part payment by him." 29 Am.Jur. p. 490, § 606.

This is the first time this question seems to have been presented in this state with reference to conditional purchase of chattels. It is particularly to be emphasized for the reason that it is recognized in this state that a conditional seller of chattels shall sustain all loss with respect to them by fire or otherwise.

In Perkins v. Skates et al., 220 Ala. 216, 218, 124 So. 514, 515, it is declared: "The relation of conditional vendor and vendee, and of mortgagee and mortgagor, cannot subsist as to the same property at the same time. The state of the title and the incidents thereto are different. For example, in case of destruction of the property by fire without fault of the conditional vendee, the loss falls on the vendor; but, in the case of a mortgage, it falls on the mortgagor. American Soda Fountain Co. v. Blue, 146 Ala. 682, 40 So. 218; Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L.R.A. 395, 86 Am.St.Rep. 134. * * *"

To the same effect are the cases of Bishop v. Minderhout, 128 Ala. 162, 29 So. 11, 52 L.R.A. 395, 86 Am.St.Rep. 134; Commercial Inv. Trust Inc. v. East, 217 Ala. 626, 629, 117 So. 160; General Motors Acceptance Corp. v. Crumpton, 220 Ala. 297, 124 So. 870; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

It results that the views expressed in the seventh headnote of the opinion having reference to a conditional purchase of chattels and not of real estate were correct.

Application for rehearing overruled.

All the Justices concur, except KNIGHT, J., not sitting.