Harold Baer, J.
This is an action for declaratory judgment submitted to the court upon an agreed statement of facts. The comprehensive personal liability policy in suit insured a two-family residence located at 1055 East 24th Street, Brooklyn, New York, which was designated under “ Item 1 ” of the policy as the “ principal residence premises ”. The pertinent provisions of the policy are: “ Item 4 (a) the principal residence premises designated in item 1 are the only premises where the named insured or spouse maintains a residence, other than business property and farms; (b) no business pursuits are conducted at the premises; * * * exception, if any, to (a), (b), (c), or (d): one apartment of a two-family dwelling rented to others.”
Under the insuring agreement, paragraph IV, business property is described as follows: “ 1 business property ’ includes * * * (2) property rented in whole or part to others * * * other than (a) * * * a two family dwelling usually occupied in part by the insured.”
Plaintiff disclaims liability on the ground that the insured, Ida Codelle (hereafter referred to as “Codelle”) breached a warranty in the contract of insurance, in that she did not reside at the premises, and that both apartments were rented instead of one, as provided for in the policy. The plaintiff further contends that the nonbusiness use of the premises was a limitation on coverage and that the rental of the second apartment was an extension of the coverage and in violation of the policy.
Codelle admits she lived in an apartment at a premises other than that covered by the policy, but claims that she reserved to herself the right to use one of the bedrooms in the apartment occupied by herself at the time the policy was issued. She further admits that approximately one year prior to the accident, out of which the claim arose, the apartment was rented to her son and daughter-in-law. The daughter-in-law is the plaintiff in the negligence action.
Codelle defends the action on the ground that the plaintiff is liable, since her moving from and renting the apartment which she formerly occupied did not increase the hazard; further, that there was no substantial variance of the terms and conditions of the policy as to void coverage.
*474 A careful reading of the policy leads to the conclusion that the clause with respect to the occupancy of the premises without any qualification made this a limitation on the coverage of the policy.
It is further apparent that the provisions of the policy as to “business use ” of the premises, with the one exception that one of the apartments was rented to others, was also a limitation of the coverage under the policy. By renting the second apartment, the insured went beyond this limitation and in a sense increased the risk. “The clause with respect to use * * * was no doubt in a sense to guard against increase of hazard from otheí use; but the specific reference to this, without any such qualification as applied to increase of hazard generally, made this a limitation on the coverage of the policy.” (Grady v. Concordia Fire Ins. Co., 267 N. Y. 177, 179. Emphasis supplied.)
This is not a situation where the statements in the policy as to use and occupancy (Items 1 and 4 of policy) were merely representations as to the use and occupancy of the premises at the time the statements were made (cf. Alexander v. Germania Fire Ins. Co., 66 N. Y. 464). Limitation provisions are in a sense “ promissory warranties ” (see Graley v. American Eagle Fire Ins. Co., 235 App. Div. 490) and are “ a limitation of the coverage of the policy for the purposes of withdrawing risks hat the insurer was unwilling to undertake” (Grady v. Concordia Fire Ins. Co., supra, p. 179).
The case of Abrams v. Maryland Cas. Co. (300 N. Y. 80) principally relied upon by the defendant Codelle, is clearly distinguishable. There, the policy covered the “use and maintenance ” of the vehicle involved, as well as its ownership. At the time the claim arose the vehicle was being “used” in the business of and for the benefit and use of the insured, notwithstanding that the ownership had been transferred to one of the insured’s employees. Here the “use” of the premises was changed in that it was converted into a “ business use” within the terms of the policy, beyond the limitations permitted by the policy.
The fact that the apartment was rented to a member of the defendant Codelle’s family is of no consequence. The mere rental went beyond the limitation of coverage.
Judgment for the plaintiff. Findings of fact and conclusions of law were waived. Settle proposed judgment.